# Withers *et al. v.* The State.

### *Indictment for Trespass after Warning.*

1. *Title; when parol evidence thereof inadmissible.*—Parol evidence is inadmissible to show the title or ownership of real property, when such ownership is based on title deeds, without first having laid a predicate for its introduction.

2. *Trespass after warning; charge as to ownership.*—In a prosecution for trespass after warning, where the evidence discloses a claim by the prosecuting witnesses to the premises trespassed úpon, and that they were in possession thereof, and the defendants attempted to justify the trespass on the ground that they were joint owners of the property, charges to the jury which instruct them that "there cannot be two possessions at the same time which are antagonistic and adverse to each other;" and that "if (the prosecuting witnesses) were in possession antagonistic to the world, then no one else could be in possession," asserts correct propositions of law, and the giving of such charges is free from error.

APPEAL from the County Court of Shelby.

Tried before the Hon. D. R. McMILLAN.

The appellants in this case were prosecuted and convicted for trespass after warning.

The premises· alleged to have been trespassed upon were a certain upper story in a building in the town of Montevallo, and this upper story had been formerly used as a lodge room by the "Anub Lodge of Immaculates." Two of the witnesses who were introduced for the State, testified that they bought this lodge room and went into possession of it a short time before the alleged trespass; that their possession consisted in using it as an office by going there and reading; that the furniture in the room consisted of a broken desk left there by the Anub Lodge, and another desk and three or four chairs which were carried there by the witnesses; that prior to the time they took possession, the room had been vacant for some time; that about three weeks after they went into possession, the defendants had started up the steps that led

to the lodge room, and that about this time, Brazier and Gill, the said witnesses for the State, who claimed to have owned it, warned them while they were standing upon the steps, not to go into the upper story. It was shown that this was the only personal warning the defendants had, and that after receiving it, they went on up into the room. It was further shown that Brazier and Gill, after having purchased said room, posted a notice on the door a day or two before the alleged trespass, warning people not to enter upon it.

The defendants, as witnesses in their own behalf, testified that they were members of the Anub Lodge of Immaculates; that they had one of the two keys to said room and had had free access to it, and that at the time of the alleged trespass they used the key they had to go into the room; that at the time they started up the steps, they had no knowledge that Brazier and Gill were in possession of said room, and that the only warning they ever received was while they were standing on the steps, and Brazier and Gill said to them that they had better not go up there. The defendants asked the State's witnesses several questions as to when they purchased the property, and if there were not other joint owners of said property, and if it was not a fact that the Anub Lodge was in possession of the property before the alleged trespass, and if they did not know the defendants owned an interest in said property. To each of these questions, the State separately objected, the court sustained each of said objections, and to each of these rulings the defendants separately excepted.

Upon the examination of each of the defendants as a witness, they were severally asked if they were not joint owners with Brazier and Gill in the room alleged to have been trespassed upon, and to state who were the owners of said property at the time of the alleged trespass. To each of these questions, the State separately objected, the court sustained each of the objections, and the defendants separately excepted.

In the court's oral charge to the jury, he instructed them, among other things, as follows: (1.) "There cannot be two possessions at the same time, which are antagonistic and adverse to each other." (2.) "If

George Brazier and John Gill were in possession antagonistic to the world, then no one else could be in possession.''

BROWN & LEEPER, for appellant.

CHARLES G. BROWN, Attorney-General, for the State, cited *Lawson v. State,* 100 Ala. 9.

DOWDELL, J.—The defendants were prosecuted and convicted under section 5606 of Code of 1896, for trespass after warning.

The offense denounced by the statute is one against the possession, and ordinarily the question of title or ownership of the property cannot be inquired into. Cases may arise where a perfect legal title in the defendant would not justify his entry upon land after warning.—*Lawson et al. v. State,* 100 Ala. 7.

We do not question the soundness of the argument of appellants' counsel, that one joint tenant or tenant in common cannot prosecute his cotenant for trespass after warning in going upon the common property before actual ouster by such tenant. But that is not the case presented by the record.

The question propounded by the defendants to the several witnesses, and to which the court sustained objections interposed by the State, sought to prove a joint ownership by the defendants with the prosecutor in the property trespassed on, by parol evidence. Title or ownership of real property cannot be shown by parol testimony, without having first laid the proper predicate for the introduction of such evidence, where the ownership is founded upon title deeds. There was no pretense in this case that the joint ownership sought to be proved was based otherwise than upon paper title. The court very properly sustained the objection interposed by the State to the defendants' questions.

That part of the general charge of the court excepted to by the defendants, in which the court stated, ''There cannot be two possessions at the same time, which are antagonistic and adverse to each other,'' and, ''if George Brazier and John Gill were in possession antagonistic to

the world, then no one else could be in possession," was
a correct exposition of the law when referred to the facts
in this case.

We deem it unnecessary to discuss the other objections
presented in the record as they are without merit and
not insisted on by defendants' counsel in his brief and
argument.

We find no error in the record, and the judgment of
the court below is affirmed.