# Tutwiler Coal, Coke & Iron Co., v. Wheeler.

*Action for Damages for Polluting a Stream.*

(Decided Feb. 7th, 1907. 43 So. Rep. 15.)

1. *Waters and Water Courses; Pollution; Action; Pleading.*—The averment in a complaint of plaintiff's ownership of the land and permanent damages to the fee does not render the complaint demurrable in an action for injury to plaintiff caused

[Tutwiler Coal & Iron Co. v. Wheeler.]

by defendant's throwing refuse matter into the streams, though the injury is against the possession.

2. *Limitation of Action; Pleading; Demurrer.*—Where the complaint fails to show the time of the alleged wrong and damages, if it is desired to show that. such damages was barred by limitations, it must be done by plea and cannot be raised by demurrer.

3. *Evidence; Secondary Evidence; Conveyances.*—Ownership of land cannot be proved by parol evidence, and hence a question "How may acres do you own there?" is objectionable.

4. *Appeal; Harmless Error; Admission of Evidence.*—While it was error to allow parol testimony as to plaintiff's ownership of the land, such error is rendered harmless where documentary evidence of plaintiff's title is subsequently introduced by defendant.

5. *Trial; Direction of Verdict; Grounds.*—The defendant pleaded that in consideration of a stated amount paid by him to plaintiff, pleaintiff released defendant from the damages for which the suit was brought, and plaintiff took issue thereon. The evidence established the release wthout conflict, and the defendant was entitled to the general charge.

APPEAL from Birmingham City Court.

Heard before. Hon. C. W. FERGUSON.

Action by Albert J. Wheeler against the Tutwiler Coal, Coke & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed.

The complaint in this case was as follows: "The plaintiff claims of the defendant the sum of $1,990.00, for that heretofore, to-wit, all the time since the year 1887, the plaintiff has been the owner of the S. W. 1-4 of the N. W. 1-4 and the W. 1-2 of the S. E. 1-4 of section 22, township 16, range 4 west, situated and being in Jefferson county, Alabama. Upon said lands is situated the homestead of the plaintiff, and through said lands there flows a creek or stream of water. Plaintiff avers that since he has become the owner of said land the defendant has opened and is now operating coal mines on or near by said stream of water above his said land, and has for a long while been operating a coal washer on or near said stream above plaintiff's said land. That plaintiff was entitled to have the water in said creek or stream flow by or through his said land in

a pure condition, and has been entitled to the use of said water in its natural condition and volume. Plaintiff avers that the defendant, in washing coal at its said washer, has caused to be cast or thrown into said creek, above plaintiff's land, large amounts of coal, coal dust, mud, clay, minerals, and other refuse matter, whereby and wherefrom the water of said stream has been corrupted and contaminated and polluted to such an extent that it is unfit for domestic uses and from and on account of which the bed of said stream has become to a large extent filled, so that the water overflows the banks of said stream and spreads on and over plaintiff's premises, and from and on account of which the said mud, minerals, coal, coal dust, and other refuse matter have been deposited upon the land of plaintiff, whereby and wherefrom his lands have become unsuited for agricultural purposes, and have been rendered wholly unsuited for habitation. Plaintiff avers that from and on account of said wrong his lands have been permanently injured and damaged, and rendered wholly unsuited for habitation or for agricultural purposes; that from and on account of said pollution of said stream and the said deposits upon his land there constantly arises, from or about said stream and deposits, noisome and unhealthful odors, and the air thereabout has been rendered impure; that on account of said injuries the health of plaintiff and his family has been greatly impaired; that the plaintiff has on that account been caused to expend large amounts of money and incur large liabilities in and about his attempt to cure and heal himself and members of his family, and his lands have been rendered unsuited for cultivation and for habitation." Demurrers were interposed as follows: "It is not alleged when defendant caused to be cast or thrown into the stream running through plaintiff's land a large amount of coal, coal dust, clay, minerals, and other refuse matter. It is not alleged when the waters of the stream running through plaintiff's land became contaminated and polluted from the deposits placed in said stream by defendant. It is not alleged when the bed of the stream running through plaintiff land became filled up. It is not alleged when plaintiff's land became permanently

[Tutwiler Coal & Iron Co. v. Wheeler.]

injured and damaged by defendant's acts. There is a misjoinder of causes of action in said complaint, in that plaintiff claims damages for alleged injuries to two distinct and separate parcels of land." These demurrers having been overruled, the defendant filed five pleas: (1) The general issue; (2) the statute of limitations of one year; and (5) that plaintiff heretofore, in consideration of $200 paid him by the defendant, released defendant from all damages on account of defendant's operating coal mines or carrying on mining or other operation. The tendencies of the evidence are sufficiently set out in the opinion. Plaintiff had judgment for $375, from which this appeal is prosecuted.

AUGUSTUS BENNERS, for apellant.—It is incumbent on the plaintiff under his complaint to prove the ownership and the testimony of the witness that he owned a particular body of land is incompetent.—*Shipman v. Baxter*, 21 Ala. 456; *Brasher v. Shelby Iron Co.*, 40 South. 80; *Bolling v. M. & M. Ry. Co.*, 128 Ala. 550; *Chastang v. Chastang*, 37 South. 799. The court erred in not sustaining the objection to the question, "How many acres do you own there?"—*Withers v. The State*, 120 Ala. 394; *Benson v. Files*, 68 S. W. 494; *Kirkpatrick v. Clarke*, 132 Ill. 342. Charge 16 should have been given for defendant.—*Taylor v. Howard*, 110 Ala. 468. The recovery of damages is limited to that inflicted in the year prior to the time the suit was brought. —*Tutwiler C. C. & I. Co. v. Mitchell*, 39 South. 702.

R. J. WHEELER, and ARTHUR L. BROWN, for appellee. —The objection to the question as to how many acres of land Wheeler owned there was properly overruled since Wheeler's possession was prima facie sufficient to raise evidence of title.—*McCall v. do ex. dem. etc.*, 17 Ala. 533; *Eakin v. Brewer*, 60 Ala. 579; *Eagle & Phœnix Mfg. Co. v. Gibson*, 62 Ala. 369; *Higdon v. Kennemer*, 120 Ala. 193. In any event the reception of this evidence was harmless since the same case was made by legal testimony.—*Horton v. Barlow*, 108 Ala. 417; *Tyson v. Chestnutt*, 118 Ala. 387; *McWhorter v. Fraser*, 129 Ala. 450; *L. & N. R: R. Co. v. Banks*, 132 Ala. 485.

[Tutwiler Coal & Iron Co. v. Wheeler.]

It is within the discretion of the court to allow a leading question.—*Anderson's Case,* 104 Ala. 88; *Krebbs v. Brown,* 108 Ala. 508; *McDonald v. The State,* 118 Ala. 672; *Mann v. The State,* 134 Ala. 1.

DOWDELL, J.—The wrong complained of was one against the possession, although it might have extended to a permanent injury of the freehold. The action is well brought for the wrong to the possession ,and the averment in the complaint of plaintiff's ownership of the land and of the permanent damage to the fee does not render the complaint for that reason demurrable. It was not necessary to a good cause of action for the plaintiff to allege in his complaint the time of the alleged wrong and damages. If the defendant wished to show that the claim for damages was barred by the statute, this was matter for plea. The demurrer to the complaint was properly overruled.

The plaintiff averred his ownership of the land and undertook to prove it by parol evidence. This he could not do under the well-settled rules of evidence. The question to the plaintiff, "How many acres do you own there?" embraced in the inquiry something more than the number of acres in a particular tract, and extended to proof of title to the land. For this latter purpose this evidence was incompetent. The court erred in overruling the defendant's objection to this question.— *Withers v. State,* 120 Ala. 394, 25 South. 568. But, if this were the only error, the cause would not be reversed, as it was rendered harmless by the defendant subsequently introducing evidence showing that the land in question was the plaintiff's land.

The fifth plea of the defendant, on which the plaintiff took issue, was literally established by the evidence without conflict. This entitled the defendant to the general charge, as requested, and the court erred in its refusal. For this error the judgment must be reversed.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.