**J. M. BLYTHE MOTOR LINES CORPO-RATION, Appellant,**

v.

**Jean Blanchette BLALOCK, Appellee.**

No. 19694.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1962.

Fred Patrox, Miami, Fla., for appellant.

R. J. Randolph, Stuart, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

JONES, Circuit Judge.

The appellee, Jean Blanchette Blalock, invoking federal jurisdiction on the ground of diversity of citizenship, brought an action against J. M. Blythe Motor Lines Corporation and Richard B. Kingery claiming damages for personal injuries resulting from a highway collision between an automobile in which she was a passenger and a truck of the defendant corporation negligently operated by its employee Kingery. The complaint fixed the place of the collision as on Pelham Parkway in the City and

State of New York, and fixed the time of the collision as December 4, 1956. The complaint was filed on November 29, 1960.

The Corporation and Kingery answered, denying negligence and asserting that the collision was caused by the negligence of the driver of the car in which she was a passenger. The answer also asserted:

"That as and for a further additional and affirmative defense, the Defendants state the above cause is regulated by the Statute of Limitations as set out in Section 49 of the New York Practices Act which statute limits actions to three (3) years for personal injuries arising out of negligence and that it affirmatively appears from the pleadings herein that the within accident occurred more than three (3) years last past since the filing of the instant suit."

On the same day as the filing of the answer, the Corporation and Kingery also filed a motion for judgment on the pleadings, "for the reason that it affirmatively appears that the Statute of Limitations has run * * *" The motion was denied. By a pre-trial stipulation it was agreed, among other things, that "The pleadings raising the issues presented are Plaintiff's complaint and Defendants' answer." The stipulation contained no specific reference to limitations. It was stated, in the stipulation, that "There are no unusual issues of law." The case was tried, the jury returned a verdict for the plaintiff in the amount of $32,250, and judgment on the verdict was entered. A motion for a new trial was filed in which it was charged that error was committed by the court's denial of judgment on the pleadings because of the bar of limitations. The motion was denied. This appeal followed and the question presented by the appeal is whether the court should have held that the action was barred by limitation. A Florida statute, similar to many, contains the following:

"When the cause of action has arisen in another state or territory of the United States, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state." Fla.Stat.Ann. § 95.10.

The position of the appellee is that the statute of limitations is an affirmative defense and that the defendants did not carry the burden of proof with respect to the defense of limitation. Decisions of state courts are cited for this proposition. While the state statute of limitations as a bar to recovery is a matter of state substantive law, the manner by which it is asserted and established is a matter of procedure and federal principles control. Among these principles is the rule that federal courts take judicial notice of the Constitution and public laws of each State of the Union. Mills v. Green, 159 U.S. 651, 657, 16 S.Ct. 132, 40 L.Ed. 293. Proof was not required. And, it would seem, this case presents a situation where the Florida courts, under the Uniform Judicial Notice of Foreign Law Act, Fla.Stat.Ann. § 92.031, would hold that the defendants had done all that Florida procedural provisions required in order to establish the defense of limitations. Cf. Holcombe v. Solinger & Sons Co., 5th Cir., 1956, 238 F.2d 495, 74 A.L.R.2d 728; Kingston v. Quimby, Fla., 80 So.2d 455. The appellee contends, not only that the defense raised by the answer was not proved, but that the limitations issue could not be brought before the court on a motion for judgment on the pleadings. Here again state court precedents are relied upon. Under the federal procedure the defense of limitations may be raised by motion to dismiss where the complaint affirmatively shows that the claim is barred. Herron v. Herron, 5th Cir.1958, 255 F.2d 589. So too as to a motion for judgment on the pleadings, 2 Moore's Federal Practice 2269, Par. 12.-15, n. 9. A motion for a judgment on the pleadings must be sustained where the undisputed facts appearing in the pleadings, supplemented by any facts of

which the court will take judicial notice, show that no relief can be granted. Moore, supra, Par. 12.15, n. 9. Stanton v. Larsh, 5th Cir.1957, 239 F.2d 104.

There is not present in this case any fact question involving limitation. The complaint alleges the date when the cause of action accrued. The court record shows when the action was .commenced. The judicially noticed statutes fixed the time for bringing the action. It was not brought within that time. Judgment should have been entered for the defendants. In order to reach this result the judgment of the district court is reversed and the cause is remanded with directions to enter a judgment for the appellant.

Reversed and remanded.