303 So.2d 103

**Ella C. McGRUDER**

v.

**B & L CONSTRUCTION COMPANY, INC., et al., etc.**

**SC 861.**

Supreme Court of Alabama.

Oct. 24, 1974.

Rehearing Denied Dec. 5, 1974.

J. Wm. Thomason, Bessemer, for appellant.

Dewayne N. Morris, Birmingham, for appellees M. E. Brown and B & L Construction Co.

H. Powell Lipscomb, III, Bessemer, for appellee Helen R. Justice.

MERRILL, Justice.

This appeal is from a judgment dismissing the complaint because "the statute of limitations had run."

Plaintiff-appellant filed her suit on October 18, 1973, charging that the defendants, M. E. Brown and B & L Construction Company, had breached a contract to repair her house in that the repairs were not done in a workmanlike manner; that she and her deceased husband had executed a note and mortgage to secure the payment for the work in the amount of $3,200.00; that she had paid the monthly installments of $38.00 from August 19, 1967, the date of the contract and the mortgage, until May 1, 1973. The complaint also charged fraud. The contract and the mortgage were made exhibits to the complaint.

The defendants, Brown and B & L Construction Co., filed a motion to dismiss, one of the grounds being that the "complaint shows on its face that the contract allegedly entered into was made on August 19, 1967, and the lawsuit was not filed within six years from the date thereof, and this suit is barred by the statute of limitations. (Title 7, Section 21, Code of Alabama)." The motion was granted after a hearing and this appeal followed.

Actions founded on promises in writing not under seal must be commenced within six years, Tit. 7, § 21, Code 1940. Six years from August 19, 1967 would be August 19, 1973. The suit was not filed until October 18, 1973. These facts were shown on the face of the complaint.

In J. M. Blythe Motor Lines Corporation v. Blalock, 310 F.2d 77 (5th Cir. 1962), the court said in part:

"* * * The appellee contends, not only that the defense raised by the answer was not proved, but that the limitations issue could not be brought before the court on a motion for judgment on the pleadings. Here again state court precedents are relied upon. Under the federal procedure the defense of limitations may be raised by motion to dismiss where the complaint affirmatively shows that the claim is barred. Herron v. Herron, 5th Cir. 1958, 255 F.2d 589. So too as to a motion for judgment on the pleadings, 2 Moore's Federal Practice 2269, Par. 12.15, n. 9. A motion for a judgment on the pleadings must be sustained where the undisputed facts appearing in the pleadings, supplemented by any facts of which the court will take

judicial notice, show that no relief can be granted. Moore, supra, Par. 12.15, n. 9. Stanton v. Larsh, 5th Cir. 1957, 239 F.2d 104.

"There is not present in this case any fact question involving limitation. The complaint alleges the date when the cause of action accrued. The court record shows when the action was commenced. The judicially noticed statutes fixed the time for bringing the action. It was not brought within that time. Judgment should have been entered for the defendants. In order to reach this result the judgment of the district court is reversed and the cause is remanded with directions to enter a judgment for the appellant."

Here, the gravamen of the charge was breach of a contract. The monthly installments provided for in the contract were paid by plaintiff for over five years. Under the federal decisions, the trial court correctly dismissed the suit as barred by the statute of limitations after the motion to dismiss for that reason had been filed and heard. This suit was filed subsequent to the effective date of ARCP. The applicable rule is ARCP 12(b)(6), which provides that a motion to dismiss may, at the option of the pleader, be made for "(6) failure to state a claim upon which relief can be granted."

In Wright & Miller, Federal Practice and Procedure: Civil § 1357, p. 608, the following appears:

"A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading. Since Rule 9(f) makes averments of time material, the inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim. * * *"

To the same effect is 2 Moore, Fed.Practice, § 12.10, p. 2314.

We are not to be understood as holding that every case should be dismissed on motion when the complaint shows on its face that the statute of limitations has run. There are several exceptions in our law. Two examples are Tit. 7, § 34—defendant absent from the state, and § 36—infants, incompetents and prisoners. The exceptions do not apply here because there was a hearing on the motion to dismiss and the record shows no request, attempt or desire of the plaintiff to amend.

We do note that a motion for a summary judgment might, in some cases, be the safer method. Early federal cases construing Rule 12(b)(6) held that a complaint could not be attacked by motion to dismiss under Rule 12(b)(6). We now quote from Wright & Miller, supra, Civil § 1357, p. 607:

"This view, however, soon gave way to the idea that a complaint showing that relief was barred by an affirmative defense could be dismissed under a Rule 12(b)(6) motion. No doubt the controversy was resolved in this fashion because of the obvious advantage of raising a potentially dispositive issue by preliminary motion instead of requiring a responsive pleading. Moreover, plaintiff is not seriously prejudiced by having his complaint dismissed at a relatively early stage, since he generally will be permitted to amend his pleading if the defect can be cured. Of course, the court in its discretion may decide that a motion for summary judgment, which provides an opportunity for an investigation of the facts surrounding the bare allegations in the pleading, is a more appropriate device to deal with the built-in defense than a motion to dismiss under Rule 12(b)(6)."

■ Appellant's assignment 4 charges error in dismissing the complaint as to defendant Helen R. Justice. It was averred that the defendants, M. E. Brown and B & L Construction Co. transferred the note and mortgage to Helen R. Justice. It is

true that Helen R. Justice did not move for a dismissal but had moved that the cause be transferred to the Birmingham Division from the Bessemer Division.

If the cause of action is barred as to the two defendants who moved to dismiss on that ground, and if the court properly dismissed it, there was no prejudice to appellant simply because Helen R. Justice did not also move for the dismissal. Supreme Court Rule 45.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.