310 So.2d 876

**BOARD OF SCHOOL COM'RS OF MOBILE COUNTY, a Public Body Corporate**

v.

**Markward REYNOLDS, Individually and d/b/a Security Roofing Co., et al., etc.**

**SC 892.**

Supreme Court of Alabama.

March 27, 1975.

Rehearing Denied April 24, 1975.

Pillans, Reams, Tappan, Wood, Roberts & Vollmer, and Geary A. Gaston, Mobile, for appellant.

Marr & Friedlander, and Daniel G. Sayers, Mobile, for appellees.

SHORES, Justice.*

This appeal is from a judgment dismissing, with prejudice, the complaint as last amended.

The plaintiff-appellant, Board of School Commissioners of Mobile County, filed the original complaint on January 19, 1971. Three of the six counts alleged that on either November 14, 1969, or November 17, 1969, the defendants-appellees, roofing subcontractors engaged in making repairs at several schools operated by the Board, supplied the general contractor with false statements for labor and material furnished in doing the work, and that the Board relied upon the misrepresentations in those statements and paid the general contractor.

The other counts allege that in June, 1969, the Board entered into a contract with the same general contractor for the renovation of kitchens in four schools; and, during August, September, and October, 1969, the general contractor submitted

---

* This case was originally assigned to another justice of this court, since retired. It has been reassigned to the writer, not a member of this court at time of submission, who has carefully listened to the tape recordings of oral argument. Code of Alabama, Title 13, § 7; Alonzo v. State ex rel. Booth, 283 Ala. 607, 219 So.2d 858.

bills which overstated the amounts due under the contract. The defendants are alleged to have subsequently falsified and backdated bids for work performed for the general contractor to enable the general contractor to perpetuate a fraud on the Board.

The demurrer filed to the original complaint was sustained.

There were four amendments to the complaint, three of which were substantially total restatements of the plaintiff's claims. The last amended complaint was filed on January 4, 1974. The A.R.C.P. having become effective, the defendants filed a motion to dismiss pursuant to A.R.C.P. 12(b)(6).

Following argument by counsel, an order was entered on March 29, 1974, granting the motion to dismiss and allowing the plaintiff until June 1, 1974, to further amend. There being no further amendment, on June 7, 1974, a judgment was entered dismissing the action with prejudice.

■ Among the grounds of their motion to dismiss, the defendants averred that it affirmatively appeared from the complaint that the plaintiff's claims were barred by the statute of limitations. As we agree, it is unnecessary to consider other grounds of the motion.

An action for fraud is subject to the one-year statute of limitations. Title 7, § 26, Code 1940. The running of the statute does not commence until the discovery of the fact constituting the fraud. Title 7, § 42, Code 1940. In the complaint on this appeal, all averments as to time are of dates more than one year prior to its filing.

In common law pleading, the allegations of time and place were generally immaterial. Use of the videlicet was commonplace and variances as to allegations of time and place were not prejudicial. With the adoption of A.R.C.P. 9(f), averments of time and place have become material.

This requirement is not as restrictive as it might first appear, nor is it contra to the liberality to be accorded the Alabama Rules of Civil Procedure. According to Wright & Miller, Federal Practice and Procedure (1969): Civil § 1308, at 438, the Advisory Committee to the Federal Rules of Civil Procedure considered the requirement for pleading time and place with accuracy would enable an earlier identification and isolation of the transaction or event in issue and supply means for testing and adjudicating certain claims and defenses—the statute of limitations, in particular.

■ A.R.C.P. 9(f) does not require that time and place be alleged. See: Kuenzell v. United States, 20 F.R.D. 96 (N.D.Cal., 1957). It only requires that when the pleader does allege a certain time or place, it must be done accurately.

In this regard, Wright & Miller, Federal Practice and Procedure: Civil § 1308, at 439, states:

> "The most common application of Rule 9(f) takes place when the time pleaded in the complaint indicates that the suit is barred by the statute of limitations. Under the normal rules of pleading, statute of limitations is an affirmative defense and must be raised in the answer. Since Rule 9(f) makes allegations of time material, however, the defense of the statute may be raised on a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time limit for bringing the claim has passed. Thus, although Rule 9(f) apparently was designed simply to require a higher level of information in the pleadings, the federal courts have employed the rule as a screening device for time-barred claims and this seems consistent with the general policy set forth in Rule 1 of achieving a just, speedy, and inexpensive adjudication of disputes."

See Kincheloe v. Farmer, 214 F.2d 604 (7th Cir., 1954), cert. den. 348 U.S. 920, 75 S.Ct. 306, 99 L.Ed. 721 (1955).

With respect to allegations of fraud, in Moviecolor Limited v. Eastman Kodak Co.,

**24**

288 F.2d 80 (2nd Cir., 1961), cert. den. 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961), the court quoted from Stearns v. Page, 7 How. 819, 12 L.Ed. 928 (1849), saying:

" . . . Even under modern liberal rules of pleading 'justice' still requires that a plaintiff seeking to escape the statute in such a case shall make 'distinct averments as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see, whether by the exercise of ordinary diligence, the discovery might not have been before made.' . . . " (288 F.2d at 88)

And in Associates Financial Services Co. v. First National Bank of Mobile, 292 Ala. 237, 242, 292 So.2d 112 (1974), this court said:

" . . . we are of the conclusion that a plaintiff in a fraud action seeking to invoke the 'saving' clause (permitting the filing of a suit within one year after the discovery) in order to withstand a motion to dismiss, should show the time and the circumstances of the discovery of the alleged fraud. This observation is not to be construed as in any manner obviating the operative effect of Rule 15(b) relating to amending the pleadings to conform to the evidence."

Here, as in McGruder v. B & L Construction Company, Inc., 293 Ala. 354, 303 So.2d 103 (1974), there was a hearing on the motion to dismiss; and, while granted time in which to do so, the plaintiff chose not to amend further. Applying Rule 9(f) in granting defendants' motion to dismiss was not error and was in keeping with the purposes of the Alabama Rules of Civil Procedure.

The judgment of dismissal was correct; it is, therefore, affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and JONES, JJ., concur.