318 So.2d 286

**Lynn BLACKMON**

**v.**

**CHRYSLER MOTORS CORPORATION, INC., a corporation, and Beltline Chrysler Plymouth, Inc., a corporation.**

**SC 984.**

Supreme Court of Alabama.

July 31, 1975.

McDermott, Deas & Coleman, Mobile, and Owen & Ball, Bay Minette, for appellant.

W. Ramsey McKinney, Jr., Mobile, for appellee, Chrysler Motors Corp.

HEFLIN, Chief Justice.

The plaintiff-appellant Lynn Blackmon (plaintiff) appeals from a judgment of the trial court dismissing his action under Rule 12(b)(6) motions to dismiss filed by the defendants-appellees Chrysler Motors Corporation and Beltline Chrysler-Plymouth, Inc. That judgment of dismissal is affirmed.

This case arose from the fact that the defendant Chrysler Motors Corporation on June 23, 1971, ceased importation into this country of Simca automobiles. Simcas were made in France by a Chrysler subsidiary and for several years had been imported by Chrysler and sold by Chrysler dealers, such as the defendant Beltline Chrysler-Plymouth.

The plaintiff states in his complaint that on or about November 17, 1971, without knowledge that Chrysler Corporation had ceased importing Simcas, he purchased a new 1971 model Simca from defendant Beltline Chrysler-Plymouth. Plaintiff further states that both defendants were at the time of his purchase aware that Simcas were no longer imported and that the number of spare parts being imported had been substantially reduced. Plaintiff also alleged that had he known these facts he would not have paid the price he did pay for the 1971 Simca.

As finally amended, the complaint contains three counts, all based on the contentions that the two defendants fraudulently concealed this information from him.

The original complaint and both amended complaints showed on the face that the allegedly fraudulent concealment occurred on November 17, 1971. The original complaint in this case was filed on December 13, 1972, almost 13 months later. This state has a one-year statute of limitations on actions for fraud, Title 7, Section 26, Alabama Code of 1940, as amended (Recompiled 1958).

The plaintiff insists on this appeal that his action for fraud comes within the "saving clause" contained in Title 7, Section 42, Alabama Code of 1940, as amended (Recompiled 1958). That section provides:

"In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having occurred until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit."

The plaintiff contends on appeal that he only discovered the fraud in April 1972, when he had to wait an excessively long time for a spare part. However, nowhere in any of the pleadings filed in the trial court does the plaintiff mention that he brought suit within a year of discovering the fraud.

The original complaint was filed December 13, 1972, and contained two counts. After Chrysler Corporation's demurrers were sustained as to both counts, raising among other things the statute of limitations, and after the new Alabama Rules of Civil Procedure became effective, plaintiff was granted leave to amend on January 29, 1974. Plaintiff amended his complaint to add ten more counts each styled as a cause of action and each again showing on its face that more than a year had expired between the time of the sale and the time of the suit. No attempt was made in this amended complaint to show that the plaintiff came within the "saving clause" of Title 7, Section 42; no mention was made of his discovery of the fraud.

After these amendments, defendants Chrysler Corporation and Beltline Chrysler-Plymouth moved under Rule 12, ARCP, to dismiss the amended complaint for failure to state a claim upon which relief could be granted. Both raised among other things the ground that "It affirmatively appears that the action is barred by the statute of limitations of one year in that the cause of action sought to be asserted affirmatively appears to have accrued on November 17, 1971, more than one year prior to the commencement of the action."

Both motions to dismiss were granted as to causes of action four through twelve but denied as to cause of action three. Both defendants then answered the remaining cause of action, again raising the affirmative defense of the statute of limitations.

Then the plaintiff, on April 12, 1974, received the court's permission to amend his complaint. The amended complaint deleted the third cause of action and amended the sixth, ninth, and twelfth causes of action. In this final form, each cause of action stated in the complaint again showed on its face that more than one year had passed between the sale of the car (and the allegedly fraudulent concealment) and the bringing of suit. Again, the newly amended complaint showed nothing to indicate that the plaintiff could, or sought to, fit his case within the provisions of the "saving clause" of Title 7, Section 42.

Defendant Chrysler Corporation on May 10, 1974, and defendant Beltline Chrysler-Plymouth on May 21, 1974, filed answers to the amended complaint, raising the affirmative defense of the statute of limitations, and on those dates filed motions to dismiss, which also raised the ground of the statute of limitations. On May 24, 1974, the trial court held a hearing and granted both motions to dismiss. There is nothing in the record showing an attempt or desire on the part of the plaintiff to amend his complaint, or to do anything else, so as to show that his case fit within the "saving clause" of Title 7, Section 42.

This case thus presents a problem similar to those answered by this court in *McGruder v. B & L Construction Company, Inc.,* 293 Ala. 354, 303 So.2d 103 (1974), and in *Board of School Commissioners of Mobile County v. Reynolds,* 294 Ala. 21, 310 So.2d 876 (1975)

In *McGruder* the following was quoted from Wright & Miller, 5 *Federal Practice and Procedure: Civil* § 1357, p. 608:

"A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading. Since Rule 9(f) makes averments of time material, the inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim * * *."

*McGruder* also contains these words:

"We are not to be understood as holding that every case should be dismissed on motion when the complaint shows on its face that the statute of limitations has run. There are several exceptions in our law. Two examples are Tit. 7, § 34—defendant absent from the state, and § 36—infants, incompetents and prisoners. The exceptions do not apply here because there was a hearing on the motion to dismiss and the record shows no request, attempt or desire of the plaintiff to amend."

■ This court recognized in *McGruder* that "a motion for a summary judgment might, in some cases, be the safer method." While both defendants in the present case had also made motions for summary judgment, it cannot be said that the trial court erred in not ruling on them but instead dismissing the complaint, in view of the plaintiff's numerous opportunities to claim the exception of Title 7, Section 42.

In *Board of School Commissioners of Mobile County, supra,* it was explained why the rule applied in *McGruder* "is not as restrictive as it might first appear, nor * * * contra to the liberality to be accorded the Alabama Rules of Civil Procedure."

The dismissal in this case is further supported by dicta appearing in *Associates Financial Services Company, Inc. v. First National Bank of Mobile,* 292 Ala. 237, 292 So.2d 112 (1974). In that case this court, after answering a related problem arising under the old rules, stated:

"We feel constrained, however, to comment on the prospective application of the Alabama Rules of Civil Procedure to the facts at hand. Rule 9(b) requires:

'In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'

"Rule 8(c) requires that the statute of limitations be affirmatively set forth. Since the rules do not contemplate formal responses to affirmative defenses, we are of the conclusion that a plaintiff in a fraud action seeking to invoke the 'saving' clause (permitting the filing of a suit within one year after the discovery) in order to withstand a motion to dismiss, should show the time and the circumstances of the discovery of the alleged fraud. This observation is not to be construed as in any manner obviating the operative effect of Rule 15(b) relating to amending the pleadings to conform to the evidence."

■ The *McGruder* and *Board of School Commissioners of Mobile County* cases make it clear that a complaint showing on its face that the statute of limitations has run should not be dismissed without the plaintiff's being given a chance to amend so as to claim an exception. Here, the plaintiff had several opportunities to claim the exception and did not do so.

■ It should be noted that the holding is different in this case than it would have been before the adoption of the Alabama Rules of Civil Procedure, for at common law even where a complaint showed on its face that the limitation prescribed by the statute had expired, a demurrer would not lie since the plaintiff would have been prevented from pleading the exception which would have prevented the bar. *Curry v. Southern Ry. Co.,* 148 Ala. 57, 42 So. 447; *Tutwiler Coal, Coke & Iron Co. v. Wheeler,* 149 Ala. 354, 43 So. 15.

The judgment of the trial court is due to be

Affirmed.

MERRILL, MADDOX, JONES and SHORES, JJ., concur.