TORBERT, Chief Justice
(concurring specially).
I agree that the writ should be denied. However, I do not believe it is necessary to consider under what factual circumstances an administrator could be appointed to locate property which has been disposed of unlawfully. The finding by the majority that this action is barred by the applicable statute of limitations precludes the necessity of a discussion on the merits of the petition. The disposition of this case requires only the following quote:
“A fraud action is subject to the one-year statute of limitations under Code 1975, § 6-2-39, but the statute does not begin to run until the discovery of the fraud pursuant to § 6-2-3. Board of School Commissioners v. Reynolds, 294 Ala. 21, 310 So.2d 876 (1975). And, where an action is brought more than one year after the discovery of the fraud, it is barred. State Security Life Ins. Co. v. Henson, 288 Ala. 497, 262 So.2d 745 (1972).”
Watson v. Prudential Ins. Co., 399 So.2d 285, 286 (Ala.1981). Hence, the writ should be denied because the action is barred by the statute of limitations.