35 F.3d 555
 1994-2 Trade Cases P 70,721
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ARMBRUSTER PRODUCTS, INCORPORATED, Plaintiff-Appellant,
and Joseph M. ARMBRUSTER; Joseph G. Kump, Plaintiffs,
v.
David G. Wilson, Defendant-Appellee.
Joseph M. Armbruster, Plaintiff-Appellant,
and Armbruster Products, Incorporated; Joseph G. Kump, Plaintiffs,
v.
David G. Wilson, Defendant-Appellee.
Joseph G. Kump, Plaintiff-Appellant,
And Armbruster Products, Incorporated; Joseph M.
Armbruster, Plaintiffs,
v.
David G. Wilson, Defendant-Appellee.
 Nos. 93-2427, 93-2428, 93-2429.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1994.
Decided Sept. 12, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-92-743-5-BR).
 Roy Wilson Day, Jr., Day & White, P.A., Raleigh, North Carolina, for appellants.
 David A. Harlow, Moore & Van Allen, Durham, North Carolina, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, WIDENER, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 ERVIN, Chief Judge:
 
 
 1
 Armbruster Products, Inc., Joseph M. Armbruster, and Joseph G. Kump (collectively, "Armbruster") brought this action in diversity against David G. Wilson in the United States District Court for the Eastern District of North Carolina on November 8, 1992, alleging tortious interference with contract, tortious interference with business relationship, wrongful interference with prospective advantage, and unfair trade practices under N.C.G.S. Secs. 75-1.1 et seq. Wilson filed his Answer on January 4, 1993. Wilson later filed a Motion for Judgment on the Pleadings on August 20, 1993, seeking dismissal of the suit. District Judge Earl Britt granted Wilson's motion on October 4, 1993.
 
 
 2
 The district court found that a prior suit brought in Florida state court by Armbruster against Wilson and Wilson's employer, Fasco Industries, Inc., precluded the present suit. In the Florida suit, Wilson was dismissed for lack of personal jurisdiction. A final judgment was entered against Fasco in the amount of $1.3 million in favor of Armbruster Products, Inc. and in the amount of $200,000 in favor of Joseph M. Armbruster. That judgment is currently on appeal in the Florida courts. Armbruster appeals the district court's grant to Wilson of judgment on the pleadings. For the reasons set forth below, we affirm the district court's decision.
 
 I.
 
 3
 Armbruster Products, Inc. is a Florida corporation. In 1980, Armbruster entered a license agreement with Fasco, a Delaware corpora tion with its principal place of business in North Carolina, permitting Fasco to manufacture and sell a power blower known as the "Power Cat" on which Armbruster held a patent. Wilson is president of Fasco's Consumer Products Division.
 
 
 4
 In 1990, Armbruster developed a portable air circulation device known as the "Blue Blower." Armbruster entered into a contract with Black & Decker in early 1991 whereby Black & Decker would manufacture, market, and sell the device. Under the terms of the contract, Armbruster would receive $1.3 million initially and up to $10 million in royalties.
 
 
 5
 In March 1991, Wilson told representatives of Black & Decker that Armbruster had no right to sell a license for the Blue Blower because the device was covered by the agreement between Armbruster and Fasco regarding the Power Cat. Wilson made further representations that Armbruster and its agents were untrustworthy. As a result of these events, Black & Decker terminated its arrangement with Armbruster for the manufacture and sale of the Blue Blower.
 
 
 6
 Armbruster alleges that Wilson made these representations knowing that they were false with the intent to interfere with the business relationship between Armbruster and Black & Decker. It filed suit in Florida state court against Fasco and Wilson in the spring of 1991, alleging tortious interference with contract, intentional interference with business relationship, libel and slander, and antitrust violations. The basis of Fasco's liability was alleged to be "that the acts of the division president of the Defendant corporation are such that they are imputed to the corporation and are, in fact, acts of the corporation...." J.A. 14. Wilson was dismissed from the Florida suit for lack of personal jurisdiction. Armbruster obtained a judgment against Fasco for over $1.3 million dollars. Fasco has posted a bond with the Florida court for $2,108,558.75, which will be used to satisfy any judgment against it following appeal.
 
 
 7
 Armbruster then brought the instant action against Wilson in the Eastern District of North Carolina alleging tortious interference with contract, tortious interference with business relationship, wrongful interference with prospective advantage, and unfair trade practices.
 
 
 8
 Upon motion by Wilson, the district court found that the Florida action precluded this suit.
 
 II.
 
 9
 Armbruster alleges that the district court improperly considered facts outside the pleadings when ruling on Wilson's motion for judgment on the pleadings; by doing so, the court impermissibly transformed the motion into one for summary judgment without giving the parties notice and an opportunity to respond. Armbruster further argues that because the motion was in fact treated as a motion for summary judgment, the Florida complaint upon which the court relied was not appropriately authenticated and therefore should not have been considered.
 
 
 10
 When ruling on a motion for judgment on the pleadings, the district court is not limited to the pleadings themselves, but may take judicial notice of additional facts where appropriate. Southmark Prime Plus, L.P. v. Falzone, 776 F.Supp. 888, 892 (D. Del.1991); J.M. Blythe Motor Lines Corp. v. Blalock, 310 F.2d 77, 78-9 (5th Cir.1962). The judicially noticed fact, pursuant to Fed.R.Evid. 201, must be (1) not subject to reasonable dispute and (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Falzone, 776 F.Supp. at 892. The court may take judicial notice of matters of public record, United States v. Wood, 925 F.2d 1580 (7th Cir.1991), including notice of other state court pleadings, In re Phillips, 593 F.2d 356, 357 (8th Cir.1979). The consideration of judicially noticed facts does not transform a motion for judgment on the pleadings into a motion for summary judgment. Falzone, 776 F.Supp. at 892. To sustain a grant of judgment on the pleadings, the non-moving party must not be able to plead any facts that would support her claim. Wood, 925 F.2d at 1581; Blalock, 310 F.2d at 78-79; Falzone, 776 F.Supp. at 891.
 
 
 11
 The district court below granted judgment on the pleadings on the basis of the pleadings themselves, the briefs submitted by counsel relating to the motion, and a copy of the Complaint filed in the Florida action that was attached to Wilson's motion. Armbruster complains that the court should not have considered the Complaint. We find that the district court was permitted to take judicial notice of the pleadings in the Florida action, a matter of public record. Wilson's motion was not thereby transformed into a motion for summary judgment. Although the Complaint was not a certified copy of the original document, that technical failure of authentication is not fatal. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1551 (9th Cir.1989). Armbruster does not challenge its accuracy. The district court considered no improper evidence in ruling on Wilson's motion.
 
 III.
 
 12
 Armbruster claims that because Wilson did not raise the affirmative defense of estoppel by election in his Answer, he waived the defense.
 
 
 13
 Florida law contains some authority for the position that if the affirmative defense of estoppel by election is not raised in the pleadings, it is waived. Law Offices of Harold Silver, P.A. v. Farmers Bank & Trust Co., 498 So.2d 984, 986 (Fla. Dist. Ct.App. 1st Dist.1986). See also, Aufseher v. Aufseher, 217 So.2d 868, 869 (Fla. Dist. Ct.App.3d Dist.1969). However, "although state law defines the nature of defenses, ... the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs." Lucas v. United States, 807 F.2d 414, 417 (5th Cir.1986).
 
 
 14
 Federal Rule of Civil Procedure 8(c) requires affirmative defenses to be raised in the pleadings; a failure to comply generally results in waiver. Id. "Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal." Id. "It is well established that waiver does not automatically follow from the failure of a defendant to raise an affirmative defense in the answer." Wilkinson v. United States, No. 91-1795, 1992 WL 188144, at * 3 (4th Cir. Aug. 7, 1992) (unpublished opinion). This court has found that the requirement of pleading an affirmative defense may be waived if evidence of the defense is admitted into the record without objection. Caterpillar Overseas, S.A. v. Marine Transport Inc., 900 F.2d 714, 725 (4th Cir.1990).
 
 
 15
 Here, Wilson raised the issue of estoppel by election in his motion for judgment on the pleadings. The motion urged "dismissing this action on the grounds that this action was previously tried by Plaintiffs in an action brought in Florida state court against Defendant's employer and, under Florida law, the previous action bars Plaintiffs from bringing this action." J.A. 102. The Florida complaint filed by Armbruster was attached to the motion. Wilson submitted a brief in support of that motion and Armbruster submitted a reply. Neither the brief nor the reply are part of the record before this court. Wilson contends, and Armbruster does not deny, that Armbruster responded to the motion on the merits without objecting to the submission of the complaint.
 
 
 16
 Under these circumstances, Armbruster cannot reasonably contend that it was unfairly surprised by the estoppel issue. Because there was no unfair surprise and because evidence of the defense was introduced without objection from Armbruster, Wilson did not waive the affirmative defense of estoppel by election.
 
 IV.
 
 17
 Armbruster argues that the district court misapplied Florida law in determining that the prior suit precluded this action. Two theories Armbruster sets forth are (1) that the prior suit has no preclusive effect because the judgment has not been satisfied, and (2) that a recent Florida court of appeals case requires the abandonment of traditional Florida law on this issue.
 
 
 18
 Florida has an established rule that a claimant having elected to sue the master and having obtained a collectible judgment against it cannot subsequently sue the servant for the same conduct. Phillips v. Hall, 297 So.2d 136, 139 (Fla. Dist. Ct.App. 1st Dist.1974). As a subsequent opinion explained, "since the master was only vicariously liable for the servant's [conduct] under the doctrine of respondeat superior, the plaintiff could not sue the servant after having elected to sue and having obtained a collectible judgment against the master." Hinton v. Iowa Nat'l Mut. Ins. Co., 317 So.2d 832, 836 (Fla. Dist. Ct.App.2d Dist.1975), cert. denied, 328 So.2d 842 (Fla.1976). After reviewing approaches by other states to the issue, the Hinton court concluded that "the weight of authority is on the side of barring a plaintiff from relitigating his claim against the servant when a judgment has been entered in a prior suit brought against the master involving the same issues." Id. at 837. Florida courts have made clear that under this "election of actions theory" "the plaintiff may elect to treat the employee's act as that of the employer, or that of the employee himself, but not both." Atlantic Cylinder Corp. v. Hetner, 438 So.2d 922, 923 (Fla. Dist. Ct.App. 1st Dist.1983), review denied, 447 So.2d 885 (Fla.1984).
 
 A.
 
 19
 Armbruster claims that because in Phillips, Hinton, and Hetner the judgment against the master had been satisfied or tendered, that satisfaction is a requirement before estoppel will apply. Armbruster finds further support for his position in Mitchell v. Edge, 598 So.2d 125 (Fla. Dist. Ct.App.2d Dist.1992). In that case, the court found that the Phillips line of cases did not apply because the master had refused to satisfy the judgment, which finding Armbruster interprets to indicate that satisfaction is required before estoppel applies.
 
 
 20
 In fact, the cases require only that a "collectible" judgment be entered against the master. Phillips, 297 So.2d at 139; Hinton, 317 So.2d at 836. The Phillips court clearly stated that
 
 
 21
 the true foundation for the nonliability of the present defendant is not found in the doctrine of estoppel by judgment, nor in that of satisfaction obtained by the plaintiff from some other party. The plaintiff is debarred from maintaining the present suit because he had and has exercised an election. There was a single wrongful act, and it was the plaintiff's privilege to treat it as that of the actor or as that of the master.
 
 
 22
 297 So.2d at 138 (quoting McNamara v. Chapman, 81 N.H. 169, 123 A. 229, 31 A.L.R. 188 (1923)). As the Hinton court clarified, "if the first judgment were not collectible, the plaintiff could sue the [servant] for a sum not to exceed the amount of the first judgment." 317 So.2d at 838 n. 2 (emphasis added). Satisfaction of the prior judgment is not a requirement for estoppel under Florida law.
 
 
 23
 Here, there has been no contention that the judgment against Fasco is uncollectible. In fact, Fasco has posted bond in the amount of $2,108,558.75 with the Florida court, and if Armbruster prevails on appeal in the Florida action, the bond will be used to satisfy the judgment. The district court correctly found that estoppel is appropriate under these circumstances.
 
 B.
 
 24
 Armbruster next argues that the recent Mitchell case requires the abandonment of the Phillips line of cases. Mitchell does cast doubt on the traditional master-servant estoppel cases. The Florida appellate court, however, stopped short of deciding that those cases were no longer good law.
 
 
 25
 In Mitchell, the master refused to satisfy the judgment against it. The judgment was uncollectible. Therefore, under the Phillips cases, plaintiff was not estopped from pursuing the servant. The Mitchell court noted that had the judgment been satisfied, the servant "perhaps would have a viable defense based on the cases" in the Phillips line. Mitchell, 598 So.2d at 127. The court went on however, to state that the more modern version of the Restatement (Second) of Judgments Sec. 49 (1982) provides that where a person suffers injury as a result of acts of two or more persons, he has a claim against each of them. Id. at 128. The court indicated that the new provisions in the revised Restatement may make the traditional rules obsolete. The court concluded, however, that
 
 
 26
 because Hinton is support for our holding under the circumstances of this case, we are not now required to decide whether the more modern version of the rule as stated in the Restatement (Second) of Judgments is now the "weight of authority" and should cause us to recede from the other holdings in Hinton that appear contrary to the Restatement rule.
 
 
 27
 Id. Mitchell did not decline to follow the Phillips cases. Furthermore, Mitchell is not a decision from the Florida Supreme Court. The Florida Supreme Court denied review of both Hinton and Hetner. There is no indication that it would choose this case to overrule the well established Florida rule. Because Phillips is controlling, the district court correctly determined that Armbruster is estopped from bringing suit against Wilson.
 
 V.
 
 28
 Armbruster's final argument is that even if estoppel prevents relitigation of the claims brought in the Florida suit, Armbruster should be permitted to try its claim under the North Carolina Unfair Trade Practices Act because that claim was not brought in the Florida action. A litigant, however, "cannot revisit the same transaction or occurrence, already adjudicated between the same parties, by resort to a new legal theory in a separate lawsuit. To do so is an impermissible splitting of causes of action." Florida Patient's Compensation Fund v. St. Paul Fire & Marine Ins. Co., 535 So.2d 335, 338 (Fla. Dist. Ct.App. 4th Dist.1988).
 
 
 29
 When the plaintiffs initially sued those defendants, it was incumbent upon them then to raise all available claims or demands for relief arising out of the alleged breach. Their failure to so do precludes subjecting those defendants to another successive action based on the same conduct.
 
 
 30
 Greenstein v. Greenbrook, Ltd., 443 So.2d 296, 297 (Fla. Dist. Ct.App.3d Dist.1983). Because Armbruster's claim under the North Carolina statute arises from the same conduct charged in Armbruster's first suit, Armbruster cannot now relitigate the same occurrence under a new legal theory.
 
 
 31
 Claims under the North Carolina statute sound in antitrust. In fact,
 
 
 32
 provisions of the North Carolina act are reproduced verbatim from Sec. 5 of the Federal Trade Commission Act, 15 U.S.C. Sec. 45(a)(1), and ... it is an accepted tenet of basic antitrust law that Sec. 5 of the Federal Trade Commission Act sweeps within its prohibitory scope conduct also condemned by Sec. 1 of the Sherman Act.... We thus hold that proof of conduct violative of the Sherman Act is proof sufficient to establish a violation of the North Carolina Unfair Trade Practices Act. Itco Corp. v. Michelin Tire Corp., Com. Div., 722 F.2d 42, 48 (4th Cir.1983). Armbruster's North Carolina claim is clearly one for antitrust violations, similar to those brought in the Florida action. Armbruster could have brought the North Carolina claim in the Florida suit, but did not do so. The North Carolina statute does not provide Armbruster a new forum to litigate the same events. The decision of the district court is affirmed.
 
 AFFIRMED