(76 South. 17)

MUTUAL LOAN SOC. v. LETSON.
(6 Div. 519.)

(Supreme Court of Alabama. May 17, 1917.)

1. CORPORATIONS ⊙⟶79 — ACTION OF STOCK SUBSCRIPTION—JURY QUESTION.

Where there was no authenticated certificate of stock to show that plaintiff was a stockholder in defendant corporation and there was evidence that defendant had denied plaintiff's ownership of stock, contending that an agent had received the money with which the plaintiff intended to pay for the stock and embezzled it to the plaintiff's loss, it cannot be said as a matter of law that plaintiff had not the right to recover the money so paid to the agent for stock which he did not get; hence the court erred in giving the general affirmative charge for defendant at the trial, and properly set a judgment for plaintiff aside and granted a new trial.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 186–193.]

2. CORPORATIONS ⊙⟶79 — SUBSCRIPTION OF STOCK.

Where plaintiff paid defendant's agent for stock which he did not get, if any act of rescission on his part was necessary, the bringing of the suit to recover the money served that purpose.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 186–193.]

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Assumpsit by G. W. Letson against the Mutual Loan Society. Judgment for defendant, which on motion was set aside, and defendant appeals therefrom. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

G. W. Yancey, of Birmingham, for appellant. Goodwyn & Ross, of Bessemer, for appellee.

SAYRE, J. Aside from other considerations which might suffice to justify the action of the trial court in granting a new trial on plaintiff's (appellee's) motion, the court holds there was no error for the reason that there was no formal or conclusive evidence, either on defendant's books or elsewhere; i. e., there was no authenticated certificate of stock, to show that plaintiff was a stockholder in defendant corporation, while there was evidence to the effect that defendant had denied plaintiff's ownership of stock, contending that an agent had received the money with which plaintiff intended to pay for stock and had embezzled the same to plaintiff's loss. It cannot be said in this' state of the evidence, as matter of law on undisputed facts, that plaintiff had not the right to recover the money he had paid to defendant's agent for stock he did not get; and, if any act of rescission on his part was necessary, the bringing of the suit served that purpose. Hence it is that the court erred in giving the general affirmative charge for defendant at the trial, and did the proper thing when it afterwards set aside the judgment and granted a new trial.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.