(81 South. 659)

## MUTUAL LOAN SOC. v. LETSON.
### (6 Div. 884.)

(Supreme Court of Alabama. May 1, 1919.)

1. CORPORATIONS ⬡408—STATUS OF STOCK-HOLDERS—AUTHORITY OF DIRECTORS AND OFFICERS.

Neither the directors nor the officers of a corporation can cancel even a subscription to the capital stock, much less annul or rescind a stockholder's status as such, without the consent of all the stockholders, in the absence of power under the charter or by statute.

2. CORPORATIONS ⬡88—RECOVERY OF PURCHASE PRICE PAID FOR CORPORATE STOCK.

A stockholder, holding the stock certificate and retaining dividends paid to him, cannot recover, under the common counts, money paid for the stock, to an agent of defendant, there being no evidence of fraud practiced upon the stockholder in respect to his subscription or purchase of the stock.

3. CORPORATIONS ⬡104 — SUBSCRIPTION TO STOCK — RESCISSION—RETURN OF PROPERTY BOUGHT.

A stockholder cannot rescind a subscription to corporate stock while he holds the stock certificate and money received as dividends.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by G. K. Letson against the Mutual Loan Society, to recover money alleged to have been paid by the plaintiff to the defendant on subscription for stock in the corporation. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

London, Yancey & Brower, of Birmingham, for appellant.

Goodwyn & Ross, of Bessemer, for appellee.

McCLELLAN, J. This case was previously here on review of the action of the trial court in granting a motion for a new trial. Mutual Loan Society v. Letson, 200 Ala. 251, 76 South. 17.

[1] It now appears from the undisputed evidence in the present record, differing from the case as presented on former appeal, that the plaintiff (Letson) had paid for the capital stock to an agent of the defendant (appellant); that he received and still held the duly signed certificate for the number of shares he purchased; that he had received two dividends on the stock; and that the stock books of the company showed Letson to be a stockholder, as the certificate he holds attested. Unless his thus established status of stockholder was validly annulled, because of fraud or mistake in the premises, the assertions or claims of officers, or even directors, of the corporation that he was not a stockholder were entirely vain. Neither the directors nor the officers of a corporation can cancel even a subscription to the capital stock, much less annul or rescind a stockholder's status as such, without the consent of all the stockholders, unless the power so to do has been granted by the charter or governing statute; the reason being that the recognition of such power would involve the authority to dissipate the assets of the corporation, which, in turn, would effect a fraud on stockholders as well as creditors. 10 Cyc. p. 450; Glenn v. Hatchett, 91 Ala. 316, 318, 8 South. 656; 1 Cook on Corp. (6th Ed.) §§ 168, 169; Pac. Fruit Co. v. Coon, 107 Cal. 446, 452, 40 Pac. 542; Hastings Lumber Co. v. Edwards, 188 Mass. 587, 592, 75 N. E. 57; Cartwright v. Dickinson, 88 Tenn. 476, 482, 483, 12 S. W. 1030, 7 L. R. A. 706, 17 Am. St. Rep. 910; Selma R. R. Co. v. Tipton, 5 Ala. 787, 39 Am. Dec. 344.

[2, 3] There is no evidence that either of the persons serving this corporation and making these assertions had the authority or power to annul plaintiff's status as a stockholder, a power to convert plaintiff from a stockholder to a creditor. Being a stockholder, holding the certificate and retaining the dividends paid to him, he cannot recover, under the common counts, the money he paid for the stock. There is no evidence of any fraud practiced upon plaintiff in respect of his subscription for, or his purchase of, the stock. In any event, no rescission could be effected while the plaintiff held the certificate and the money he received as dividends.

The defendant was due the general affirmative charge requested for it. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes