(94 South. 288)

### LETSON v. MUTUAL LOAN SOC.
### (6 Div. 713.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Limitation of actions ⬤=127(1)—Amendment relates to filing of original complaint.**

An amendment to the complaint that is not a departure relates to the filing of the original complaint.

**2. Corporations ⬤=80(12)—Misrepresentations of sellers of stock in action to recover money paid held competent under pleadings.**

In action to recover money paid for corporate stock, issues presented by the pleadings held to make competent evidence tending to show fraud averred to have been perpetrated on plaintiff as to misrepresentation of the situs of incorporation, who the executive officers were, stockholders, dividends that had been declared, and properties owned by the corporation.

**3. Trial ⬤=142—Evidence reasonably affording inference adverse to defendant makes jury question.**

If there was evidence reasonably affording an inference adverse to the right of defendant, a jury question was presented, and it was error to give a general affirmative charge for defendant, under Code 1907, § 4852.

**4. Witnesses ⬤=268(1)—Refusing to permit cross-examination of defendant's witness held error.**

In an action to recover money paid for corporate stock, the court erred in not permitting cross-examination of defendant's witness as to the classes or kinds of stock which he represented, as the selling agent to the plaintiff, as being that to be sold and delivered to him on consummation of sale.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by G. K. Letson against the Mutual Loan Society to recover money paid for corporate stock. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Special counts 9 and 11 read as follows:

"Count 9. Plaintiff claims of the defendant the sum of $500, with interest thereon from April 25, 1913. Plaintiff avers that on, to wit, April 25, 1913, he did purchase from the defendant corporation 50 shares of stock of the par value of $500 for which he paid the sum of $500 in cash and —— promissory notes, which notes were later paid after maturity by the plaintiff, and plaintiff avers that one R. K. Kay, whose name is otherwise unknown to plaintiff, did act as the agent of the defendant to procure plaintiff's subscription to the capital stock of the defendant corporation, and in and about his efforts to procure plaintiff's subscription, while acting within the line and scope of his employment as such agent, did wrongfully, falsely, and fraudulently represent to plaintiff that George Lowe was the president of defendant corporation, and plaintiff relying on the statement that George Lowe was the president, and trusting to his ability and executive capacity, and having confidence that with him as president defendant corporation would be ably and successfully managed, did subscribe to said stock, and plaintiff avers that at the time of such wrongful, false, and fraudulent representations, George Lowe was not the president of defendant corporation.

"Plaintiff further avers that as a part and parcel of said fraudulent conduct, engaged in by the said R. K. Kay, in and about obtaining plaintiff's subscription to defendant's capital stock, and in furtherance thereof, said George Lowe did falsely and fraudulently send to the plaintiff two checks for purported dividends on said stock, in the sum of, to wit, $20 and $8, whereas, as a matter of fact no dividends in said sum of $20 and $8 had been declared on said stock at the time said sums were fraudulently sent to plaintiff, in order to deceive him as to the value of said stock and make him believe that it was worth more than its true value. Plaintiff does hereby offer to surrender and return to the defendant said certificate for 50 shares of stock in defendant corporation, and does hereby tender to the defendant all dividends paid to the plaintiff by the defendant on said stock."

"Count 11. Plaintiff claims of the defendant corporation the sum of $500, with interest thereon as damages for that on, to wit, April 25, 1913, the defendant corporation, through its agent, R. K. Kay, acting within the line and scope of his employment, did procure from the plaintiff a subscription to 50 shares of the capital stock of said corporation, and in and about his efforts to procure said subscription the said R. K. Kay did wrongfully, falsely, and fraudulently represent unto the plaintiff that the defendant corporation was organized and incorporated in Jefferson county, under the laws of the state of Alabama.

"Plaintiff further avers that said statement was false and that said corporation was not in fact organized under the laws of the state of Alabama, and by virtue thereof plaintiff was deprived of the security and protection given under the laws of Alabama to those who purchased capital stock in corporations organized

and created under the laws of this state. Plaintiff further avers that said representation was a material inducement leading him to subscribe to said capital stock and to pay money therefor, in the sum of, to wit, $500. Plaintiff hereby tenders to defendant said certificate for said 50 shares of stock and all sums of money paid on such stock to plaintiff as dividends by the defendant."

These counts were later amended as follows:

"Comes the plaintiff, and by leave of court first had and obtained amends counts 9 and 11 of his complaint as amended by adding to each of said counts the following additional averments:

"And plaintiff further avers that he did not discover that such fraud had been worked upon him until, to wit, October 27, 1919, and upon such discovery did rescind said contract of sale by tendering back to defendant on October 28, 1919, such stock certificate and the money received as dividends, to wit, the sum of $28, and does herewith and again tender to defendant said stock certificate and the sum of $28."

Black & Harris, of Birmingham, and Goodwyn & Ross, of Bessemer, for appellant.

A false statement by a stock salesman that a certain man, known to and trusted by the prospective purchaser, is president of the corporation, and that the corporation is organized under the laws of Alabama, when the salesman knows it is incorporated under the laws of another state, is a fraud on the purchaser, vitiating the sale. 127 Ala. 513, 29 South. 459; 33 Cal. App. 763, 166 Pac. 835; 149 Iowa, 594, 128 N. W. 954; 26 C. J. 1154; 14 C. J. 606. Where there is intentional fraud, the failure to make due inquiry to discover the fraud is no bar to an action by the person defrauded. 161 N. C. 1, 76 S. E. 634; 176 N. C. 325, 97 S. E. 42; 95 App. Div. 202; 88 N. Y. Supp. 401; 32 N. Y. 275; (Ark.) 73 S. W. 793; 26 C. J. 1152.

London, Yancy & Brower, of Birmingham, for appellee.

No amendment to a complaint will be authorized which will allow a recovery upon a cause of action accruing subsequent to the institution of the suit, nor the adding of a cause of action barred by the statute of limitations. 74 Ala. 170; 59 Ala. 570; 57 Ala. 107. Under the statute, when amendment is properly allowed, it relates back to the filing of the suit in so far as the statute of limitations is concerned. Code 1907, § 5367; 200 Ala. 20, 75 South. 332; 107 Ala. 548, 76 South. 904. Where the defendant is entitled to the general affirmative charge, errors committed on the trial will be error without injury. Sup. Ct. Rule 45 (175 Ala. xxi, 61 South. ix); 14 Ala. App. 467, 70 South. 956.

THOMAS, J. The case has been before this court, and is reported in 200 Ala. 257, 76 South. 17; 202 Ala. 683, 81 South. 659.

[1] On the last trial, in addition to the common counts, the complaint was amended by adding counts 8 to 11, inclusive. On motion count 10 was stricken (Liverpool & London & G. Ins. Co. v. Lowe (Ala. Sup.) 93 South. 765;[1] L. & N. v. Echols, 203 Ala. 627, 84 South. 827); and counts 6, 7, and 8 were eliminated by demurrer. The trial was had on common counts and special counts 9 and 11. An amendment to the complaint that is not a departure relates to the filing of the original complaint. Barnett v. Dowdy, 207 Ala. 641, 93 South. 638; Lisenby v. Capps, 200 Ala. 20, 75 South. 332.

To the complaint defendant replied the several statutes of limitation and laches in the exercise of the right of rescission, because of the alleged fraudulent representations, after discovery or after the same "ought to have been discovered by the exercise of reasonable diligence."

Representations by agents selling stock in corporations and frauds inducing the same have been frequently discussed in this jurisdiction. Capital Securities Co. v. Gilmer, 190 Ala. 340, 67 South. 258, Ann. Cas. 1917A, 888; Capital Security Co. v. Owen, 196 Ala. 385, 72 South. 8; Mutual Loan Soc. v. Letson, 200 Ala. 251, 76 South. 17; King v. Livingston Mfg. Co., 192 Ala. 269, 68 South. 897; Ala. F. & M. Works v. Dallas, 127 Ala. 513, 29 South. 459; Stone v. Walker, 201 Ala. 130, 77 South. 554, L. R. A. 1918C, 839.

[2] The issues presented by the pleadings made competent evidence tending to show the fraud averred to have been perpetrated on plaintiff as to misrepresentation of the situs of incorporation, who its executive officers were, its stockholders, dividends that had been declared, and properties owned by the corporation. Ala. F. & M. Co. v. Dallas, supra; Southern States F. & C. I. Co. v. Tanner, 180 Ala. 30, 31, 32, 60 South. 81.

[3, 4] The general affirmative charge was given for defendant. If there was evidence reasonably affording an inference adverse to the right of defendant, a jury question was presented. McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135; N. C. & St. L. v. Crosby, 194 Ala. 338, 70 South. 7; B. R. L. & P. Co. v. Enslen, 144 Ala. 343, 39 South. 74. A careful consideration of the evidence convinces us that the case should have been submitted to the jury on the facts as to whether or not plaintiff was defrauded, and, if so, when he discovered that fraud. Code, § 4852; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 South. 124; Sims v. Riggins, 201 Ala. 99, 77 South. 393. So, also, should the court have permitted the cross-examination of defendant's witness as to the classes or kinds of stock which he represented as the selling agent to the plaintiff as being that to be sold and delivered to him on consummation of sale.

[1] Ante, p. 12.

It is unnecessary to discuss the other questions presented. For the giving of the general affirmative charge at defendant's request, the judgment is reversed and the cause is remanded.

Reversed and remanded

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.