319 So.2d 258

**MITCHELL HOMES, INC., et al.**

v.

**William Wayne TEW and Voncile A. Tew.**

**SC 707.**

Supreme Court of Alabama.

Sept. 4, 1975.

Geary A. Gaston, Mobile, for appellees.

Benjamin H. Kilborn, Mobile, for appellants.

HEFLIN, Chief Justice.

Appellants-defendants Mitchell Homes, Inc., and Gulf Coast Building and Supply Company of the Southeast, Inc. (defendants) appeal from a judgment rendered against them and for the appellees-plaintiffs William Wayne Tew and Voncile A. Tew (plaintiffs). That judgment is reversed.

The plaintiffs bought a new home in Prichard from the defendants on April 16, 1971 for the purchase price of $20,900.00. Testimony at trial indicated that from the beginning the plaintiffs began to notice small things wrong with the house. Although the defendants insist that earnest efforts were made to correct these problems, Mrs. Tew said they "only pretended" to fix them. In any event, she was never satisfied.

The main problem involved the floor tile, which soon began cracking, fading, and wearing thin. The plaintiffs and defendants argued long about this problem. The plaintiffs maintained the tile was defective; the defendants argued the problem was caused by excessive wear and poor care. Finally, the defendants suggested that Mrs. Tew write to the Veterans Administration (which had insured the Tews' loan) about the tile. She did, and a VA inspector recommended replacing the tile with tile of a comparable grade. Mrs. Tew and the defendants never agreed on the replacement tile. She finally asked for carpet, offering to pay the increased price difference, however, no agreement was ever reached on this negotiation effort.

Complaints included chipped cabinet tops, split window sills, faulty sheetrock, warped doors, carpeting pulling away from the walls in places, and many other things. While many defects were mentioned in the complaint filed in court, and while many defects were listed by the plaintiffs in response to specific interrogatories by the defendants, no mention was made until trial of what appear to be the most serious of all the defects, a three-inch gap in the decking at the roof peak and an allegedly defective foundation. Evidence as to these two defects was presented at trial over defense counsel's strong and numerous objections.

The plaintiffs filed this suit charging defendants with breach of warranty and fraud in the sale of the house. The alleged fraud consisted of alleged misrepresentations by agents of the defendants to the effect that the house was "a good house" and "a good buy" and was constructed of good material by first-class workmen. The trial judge submitted the case to the jury on the theories of breach of warranty and fraud. The jury awarded the plaintiffs $35,000. Obviously this amount included punitive damages since the highest estimate of actual damages (given by the plaintiffs' expert witness) was between $18,000 and $19,000.

The defendants raised the statute of limitations of one year in their Plea No. 3. The plaintiffs purchased the house on April 16, 1971, but did not file suit until November 17, 1972, some 19 months after the sale. The plaintiffs filed a motion for a directed verdict as to Plea No. 3 and the trial judge granted that motion without explaining his reason for doing so. The defendants on this appeal assign as error the granting of that directed verdict.

Alabama has a 1-year statute of limitations in fraud actions, Title 7, § 26, Code of Alabama of 1940, as amended (Recompiled 1958). However, Title 7, § 42 extends the time for bringing suit in certain instances. That section provides:

"In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit."

Plaintiffs contend that the facts of the case fit within "the saving clause" of Title 7, § 42 so as to give them one year from the time they discovered the fraud to bring the suit. However, in this case the question of when the fraud was discovered is one for the jury. In *Loch Ridge Construction Company, Inc. v. Barra,* 291 Ala. 312, 280 So.2d 745 (1973), this court stated:

"Where there is evidence reasonably affording an inference as to whether a plaintiff was defrauded, and if so, when

the plaintiff discovered the fraud, the case is one for the trier of fact. *Letson v. Mutual Loan Society,* 208 Ala. 285, 94 So. 288. In *Birmingham Bond Co. v. Lovell,* 5 Cir., 81 F.2d 590, it is stated:

'The province of the jury [is] to resolve the conflict in the evidence and to determine whether, on all the evidence, the statute of limitations created a bar to the suit.' "

In *Letson v. Mutual Loan Society,* 208 Ala. 285, 94 So. 288 (1922), this court considered a statute of limitations problem and stated:

" * * * A careful consideration of the evidence convinces us that the case should have been submitted to the jury on the facts as to whether or not plaintiff was defrauded, *and if so, when he discovered that fraud.* * * * " (Emphasis added.)

Without a discussion of the evidence presented in this case, it can be said that there was certainly evidence from which the jury could have found the plaintiffs discovered the fraud more than a year before bringing suit. The question of the discovery date should have been submitted to the jury. Thus it was error to grant the directed verdict on Plea No. 3.

■ The plaintiffs further contend that Title 7, § 23(1), Code of Alabama, 1940, as amended (Recompiled 1958—1973 Cumulative Supp.), is the applicable statute pertaining to statute of limitations in this case rather than Title 7, § 26. If this contention is correct then there would be a 4-year statute of limitation instead of a 1-year period for fraud cases involving improvements to real property.

This court dealt with Title 7, § 23(1), in the case of *Bagby Elevator and Electric Company, Inc. v. McBride,* 292 Ala. 191, 291 So.2d 306 (1974). In that case this court held unconstitutional a clause providing an absolute bar on suits after seven years. In the more recent case of *Plant v. Reid,* Ala., 313 So.2d 518 (1975), this court

held unconstitutional, at least for certain purposes, the four-year provision of Title 7, § 23(1). The effect of those cases on that section, however, need not be considered here because this court finds that the present action does not fit within the wording of that section. Title 7, § 23(1) related to actions "for damages arising out of any act or omission * * * in the *design, planning, supervision* or *construction* of * * * improvements" on real property. (Emphasis added.) These words do not at all indicate that the legislature intended to create a four-year statute of limitations for suits based on *fraud* in the *sale* of improvements on real property; therefore, the plaintiffs are mistaken in their contention that Title 7, § 23(1) is applicable in this case.

In this appeal the defendants argue many other assignments of error but it is not necessary to discuss these other problems since they are not likely to arise on a new trial.

Reversed and remanded.

BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.