The plaintiffs appeal from a summary judgment rendered on motion of the defendant.
Plaintiffs sued B L Construction Company, Inc. alleging fraud in the sale of a house. The defendant filed an ARCP Rule 12 (b)(6) motion to dismiss the complaint; but before it was ruled on, defendant also filed a motion for summary judgment, supported by deposition of the plaintiff, John J. Papastefan, and correspondence between plaintiffs and defendant.
Defendant's motion to dismiss was grounded on the statute of limitations, asserting that the plaintiffs' complaint showed on its face that the claim was barred. The complaint, in pertinent part, states:
 "1. On or about December 4, 1972, defendant and plaintiffs were negotiating concerning the purchase by plaintiffs from defendant of the following described property:
". . .
 "2. At that time defendant represented to plaintiffs that said property was fit for the purpose for which it was being sold . . ."
An action for fraud is subject to the one-year statute of limitations. § 6-2-39, 1975 Code. However, the running of the statute does not commence until discovery of the fact constituting the fraud, or discovery of facts which would provoke inquiry in the mind of a reasonable and prudent man which, if followed up, would lead to the discovery of the fraud. § 6-2-3, 1975 Code; Johnson v. Shenandoah Life Ins. Co.,291 Ala. 389, 281 So.2d 636 (1973); Moss v. Davitt, 255 Ala. 513, 52 So.2d 515 (1951). The complaint in the instant case does not contain averments which would bring the cause within the provisions of the "saving clause" of the statute. To withstand a motion to dismiss, it is necessary that a complaint show the time and circumstances of the discovery of the alleged fraud. Board of School Commissioners of Mobile County v.Reynolds, 294 Ala. 21, 310 So.2d 876 (1975); AssociatesFinancial Services Co., Inc. v. First National Bank of Mobile,292 Ala. 237, 292 So.2d 112 (1974). Considering nothing more than the complaint and the defendant's motion to dismiss, it would not have been error had the trial court granted the defendant's motion to dismiss. In that posture, the plaintiffs would have had the right to amend their complaint to remedy the defect. ARCP, Rule 15. However, the trial court was not bound to limit itself to the pleadings and, under the last sentence of Rule 12 (b), the motion to dismiss was converted into a motion for summary judgment when the court considered matters outside the pleading, whether or not a motion was so denominated. Wright and Miller, Federal Practice and Procedure: Civil § 1366. Once matters outside the pleading are considered, the requirements of Rule 56 become operable and the ". . . moving party's burden changes and he is obliged to demonstrate that there exists no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law." Wright and Miller, supra. We must, therefore, determine whether the defendant met that burden, which is appropriately shifted to the defendant-movant for summary judgment because the plaintiff cannot amend as a matter of right after a summary judgment has been rendered against him. Clardy v. Duke University,299 F.2d 368 (4th Cir. 1962); Wright and Miller, Federal Practice and Procedure: Civil § 2712.
In determining whether any genuine issue of fact exists, we must view the record before us in the light most favorable to the party opposing the motion for summary judgment. U.S. v.Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176
(1962). On deposition, Mr. Papastefan testified to the following:
The plaintiffs purchased a house from defendant for $24,500 on January 16, 1973. Prior to the purchase of the house, plaintiff John Papastefan noticed a "wet spot" in the front yard near the street curb. He was told by a representative of the defendant that a drain had been installed under the *Page 161 
property and that the wet spot was the result of heavy rains. The plaintiffs moved into the house in late January, 1973, and discovered several defects in the house. On April 16, 1973, they submitted a written list to the defendant of some twenty defects. The list included a request to repair the driveway which was cracked and caving in on the sides, and included the following statement:
 "(5) The spring or whatever at the foot of the lot causes a perpetual mud hole and a real mess. The water bubbles up from the ground. If a drain was put in, then there is something very seriously wrong and it must be rectified immediately."
Although some of the listed defects were repaired in May, 1973, the driveway and "wet spot" were left unremedied. The wet spot appeared to dry up on its own and no further action was taken by the plaintiffs.
In March, 1974, the water problem reoccurred. Believing that a water main had burst, the plaintiffs notified the City Water Department, which located no break in the water main; but several drain tiles were found when a high velocity pipe cleaning machine was inserted in a catch basin adjacent to the plaintiff's property. The Water Department informed plaintiffs that the problem was under their land and could not be remedied by the City. The plaintiffs employed an independent contractor to deal with the problem. He dug two trenches across the front of plaintiffs' yard parallel to the street in order to drain the land. These trenches uncovered two streams of water running under the property near the street curb. The installed trenches carried the water across the property into a catch basin, and the lower half of the front yard dried up.
The water again appeared in the spring of 1975. This time, the problem was far worse than anything the plaintiffs had previously experienced. Mr. Papastefan found the flower bed in front of his home to be so wet and soggy that he sank up to his knees in mud while inspecting the soil there. The problem encompassed much of the front yard. The Papastefans again called in the same independent contractor, and two more trenches were dug in the front yard. The new trenches ran from the house down to the curb perpendicular to the street and uncovered six streams of running water. The trenches served to drain the yard and again the moisture dried up.
In December, 1975, the Papastefans' entire yard, back and front, became wet and soggy. At this point, the plaintiffs sought legal assistance. The complaint in this case was filed in June, 1976.
On appeal, the plaintiffs argue that a genuine issue of fact exists as to when they discovered the fraud. Defendant, on the other hand, insists that the deposition of Mr. Papastefan shows without contradiction that he discovered sufficient facts as to justify the conclusion reached by the trial court that the statute of limitations had run. Plaintiffs contend that they are entitled to have a jury pass on the question. We agree. Although there is evidence from which the jury could find that the plaintiffs discovered the fraud more than a year before bringing suit, that question should be submitted to the jury.Mitchell Homes v. Tew, 294 Ala. 515, 319 So.2d 258 (1975), also involves an action based on fraud in the sale of a house. The purchasers in that case brought suit more than one year after the sale of the house to them. There, as here, the defendant raised the statute of limitations. This court held that the question of when the fraud was discovered was for the jury. InLoch Ridge Construction Co., Inc. v. Barra, 291 Ala. 312, 321,280 So.2d 745, 752 (1973), the following appears:
 "Where there is evidence reasonably affording an inference as to whether a plaintiff was defrauded, and if so, when the plaintiff discovered the fraud, the case is one for the trier of fact. Letson v. Mutual Loan Society, 208 Ala. 285, 94 So. 288. . . ."
In the instant case, as in Mitchell v. Tew, supra:
 ". . . it can be said that there was certainly evidence from which the jury could have found the plaintiffs discovered *Page 162 
the fraud more than a year before bringing suit. . . ." (294 Ala. at 518, 319 So.2d at 260)
But, it is equally true that there is evidence from which the jury could conclude that the suit was brought within one year from the discovery of fraud. In either event, a genuine issue of fact exists on this issue and it should be resolved by the trier of the facts. The court, therefore, erred in granting the defendant's motion for summary judgment.
In the instant case, the defendant filed a motion to dismiss the appeal, contending that it was not timely filed. After the trial court granted the defendant's motion for summary judgment on November 29, 1976, the plaintiffs filed a motion for reconsideration, which, after hearing, was denied on February 11, 1977. The notice of appeal was filed on March 18, 1977. An order granting a motion for summary judgment goes to the merits of a case. Heyward v. Public Housing Administration,238 F.2d 689 (5th Cir. 1956). The motion for reconsideration was a post-trial motion under Rule 59, ARCP, and was, therefore, effective to suspend the running of the time for filing a notice of appeal under ARAP, Rule 4. The notice of appeal was timely filed in this case, having been filed within 42 days of the date the court entered its order denying the plaintiffs' motion for reconsideration.
REVERSED AND REMANDED.
All the Justices concur.