[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 300 
This appeal involves the propriety of the trial court's granting a motion to dismiss a complaint in which the buyers of a new house alleged the breach of an implied warranty and fraud by the seller. The trial court's judgment was based on the ground that the action was barred by the statute of limitations and laches.
In their original complaint filed on May 11, 1978, the plaintiffs named as defendants the builder-vendor and several other defendants, who were dismissed as parties. The plaintiffs prosecute this appeal only against the defendants-appellees, Douglas H. and Sue A. Lewis.
The basic facts underlying the action are relatively uncontroverted: Appellants purchased a house constructed and offered for sale by appellees. When negotiations for purchase began in early 1972, the house was then still in the process of construction. The buyers apparently moved into the house upon its completion, but before actually purchasing it. The dwelling itself is located in a subdivision which, because of its location, does not have central sewerage facilities. Each individual dwelling has a septic tank and field line system for waste disposal.
The septic system was actually constructed by a subcontractor. A health department permit had been issued for the construction, based upon soil tests conducted by an engineering firm (the health department and engineering firm were both named as original defendants). The disposal system apparently conformed to applicable guidelines of the Farmers' Home Administration, which financed appellants' purchase.
In June, 1977, almost six years after the purchase of the home, the septic system malfunctioned. Sewage backed up into appellants' house through the plumbing, and the seepage of sewage surfaced in their yard. Appellants claimed this was the first major problem with the system.[1]
The problem with the system evidently stems from saturation of the septic field with ground water.
Appellants instituted this action on May 11, 1978. Their complaint was dismissed as to these appellees in February, 1979. On this appeal, appellants urge two grounds of error: (1) the trial court erred in dismissing the action for failure to state a claim, and (2) the action is not barred by the statute of limitations.
Appellants initially contend that the trial court erred in sustaining appellees' motion to dismiss for failure to state a claim upon *Page 301 
which relief could be granted. ARCP Rule 12 (b)(6). They argue that the complaint is sufficient to state a claim under implied warranty and fraud. Appellees counter by contending that the effect of appellants' argument is to make them "insurers" against all defects caused by future, unforeseen changes in the surroundings, and that, at any rate, appellants did not sufficiently allege or show fraud.
Before discussing the main issue, we point out a procedural irregularity for the benefit of the trial court here and the bench and bar in general. Neither party treated this procedural issue in briefs. It involves the propriety of granting a 12 (b)(6) motion after an answer and a motion for summary judgment have been filed. Chronologically, appellants filed the action on May 11, 1978; from the record, it appears that subsequent to this, in June, 1978, appellees filed an answerand motion for summary judgment supported by several affidavits. Appellants filed a counter-affidavit, and it appears that the trial court took the motion for summary judgment under advisement, but never subsequently ruled on it. In December, 1978, appellees filed with the court a 12 (b)(6) motion to dismiss, and urged two affirmative defenses, laches and statute of limitations. This motion was granted, and the action dismissed in February, 1979.
Acceptance by the court of a 12 (b)(6) motion after the close of the pleadings [ARCP Rule 7 (a)] is technically and procedurally erroneous. Rule 12 (b) provides that a motion asserting the defense of failure to state a claim "shall be made before pleading if a further pleading is permitted." Wright and Miller state:
 "A motion under Rule 12 (b)(6) raising the defense of failure to state a claim upon which relief may be granted must be made before the service of a responsive pleading but according to Rule 12 (h)(2) the defense may be made as late as trial. Technically therefore, a post-answer Rule 12 (b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief."
5 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1357, at 593 (1969). As indicated in the above excerpt, Rule 12 (h)(2) "protects" a 12 (b)(6) defense from waiver, if not raised in the pleadings by allowing the defense to be made "in any pleading permitted or ordered under Rule 7 (a), or by motion for judgment on the pleadings, or at the trial on the merits," ARCP Rule 12 (h)(2). Wright and Miller are of the opinion that this should be construed liberally ("within the spirit, if not the letter, of the provision"), although some courts hold the instances listed in 12 (h)(2) to be the only points at which the 12 (b)(6) defense may be asserted. Wrightand Miller, supra, § 1392 at 861 et seq. While this Court has not passed specifically upon the issue as to when a 12 (b)(6) motion should properly be made, the Court of Civil Appeals has stated that though "this defense, as enumerated in Rule 12 (b)(6), is preserved by Rule 12 (h)(2), it cannot be raised by a motion to dismiss filed subsequent to a responsive pleading."Trotter v. Sumner, 56 Ala. App. 87, 89, 319 So.2d 284, 285
(1975). The 12 (b)(6) motion should not be used to test the sufficiency of a complaint after a responsive pleading has been filed. The proper, and indeed correct, method to raise a failure to state a claim at this point would be a motion for judgment on the pleadings, or summary judgment.
A second, related procedural point is the introduction of the defenses of limitations and laches, which were appended to the 12 (b)(6) motion. Limitations and laches are both affirmative defenses which should be set forth "[i]n pleading to a preceding pleading," ARCP Rule 8 (c), and the failure to plead such defenses can result "in a waiver of that defense, and its exclusion from the case," Wright and Miller, supra, § 1278 at 339. Waiver is seldom applied "automatically" due to the liberal amendment provisions of Rule 15 which allow a party to amend his pleading at any point "subject to disallowance on the court's own motion or motion to strike of an adverse party." Amendments are "freely allowed when justice so requires," the adverse party *Page 302 
having time to answer to the amendments. In the instant case, appellees' answer did not contain the defenses of laches and limitations which were later raised in the 12 (b)(6) motion. At that point, appellants conceivably could have moved to strike these affirmative defenses, but did not, and did not file any subsequent answers to them. The courts seem now to agree that limitations and laches may indeed be raised on a 12 (b)(6) motion where the face of the complaint shows that the claim is barred by the statute of limitations, and/or laches, Wright andMiller, supra, § 1277 at 336; see McGruder v. B. L.Construction Company, Inc., 293 Ala. 354, 303 So.2d 103 (1974). We hold that while the defenses of laches or limitations should be presented in a pleading to a preceding pleading, both may be properly raised via the 12 (b)(6) motion where the face of the complaint shows that the claim is barred.
There remains for the court the question of how to properly treat the 12 (b)(6) motion as granted by the trial court. This court has, in several instances, "converted" a 12 (b)(6) motion into one for summary judgment when it has been apparent that the trial court, in ruling on the 12 (b)(6) motion, has considered matters outside the pleadings themselves. See, e.g.,Thorne v. Odom, 349 So.2d 1126 (Ala. 1977). This conversion of a motion to dismiss into one for summary judgment is, of course, in accordance with the last sentence of Rule 12 (b), which states:
 "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . ."
(Emphasis added.)
In this regard, the conversion may occur despite its denomination and treatment by the trial court. Papastefan v. B. L. Construction Co., Inc. of Mobile, 356 So.2d 158, 160 (Ala. 1978). The effect of such a conversion to summary judgment would be to impose upon appellees the burden of demonstrating the "conjunctive" standard that there is no genuine issue of material fact, and that appellees are entitled to judgment as a matter of law. McGuire v. Wilson, 372 So.2d 1297 (Ala. 1979).
The parties argue the issue in the briefs from the point of view apparently that the motion was properly a 12 (b)(6) motion; in fact, appellants, in their notice of appeal to this court, characterize the ruling appealed from as "summary judgment." It is evident that affidavits were earlier submitted in support of appellees' original motion for summary judgment, which was never ruled upon; there is no indication, however, that the trial court considered these in making its determination on the 12 (b)(6) motion. The court gives no real indication of the basis of the decision except that it "duly considered the motion together with the arguments of counsel." (Emphasis added.)
In some instances, briefs and oral arguments of counsel, when submitted to and considered by a trial court in ruling upon a 12 (b)(6) motion, have been held sufficient in themselves to be "matters outside the pleadings" which would convert a 12 (b)(6) motion into one for summary judgment. Wright and Miller, § 1366 at 681. In the instant case, however, the arguments heard by the trial court do not appear in the record. Because the "arguments of counsel" considered by the court in ruling upon the 12 (b)(6) motion here do not appear in the record, we cannot consider these arguments on appeal in determining whether the court had a basis, in fact, upon which to ground its dismissal.Cf. Birmingham Southern Railroad Co. v. McDonald,339 So.2d 1004, 1006 (Ala. 1976). (Arguments of counsel not in the record cannot be considered.)
Some federal courts apparently hold that previously filed material is sufficient for conversion of a motion to dismiss into one for summary judgment, but as we understand those cases, the federal trial court apparently had actually considered the previously filed material in making its ruling *Page 303 
on the 12 (b)(6) motion. It is not clearly evident here that the trial judge considered the previously filed material, but since the appellants have included the previously filed material in the record on appeal, we will consider it in determining whether the trial court erred in dismissing plaintiffs' complaint.
It is axiomatic that a 12 (b)(6) motion should "seldom be granted and should only be granted when `it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" Jeannie'sGrocery v. Baldwin County Electric Membership Corporation,331 So.2d 665, 667 (Ala. 1976). Upon consideration of the motion, which goes only to the face of the complaint, the allegations are to be considered in light favorable to the plaintiff and doubts resolved in his favor, Pruitt v. Pruitt, 343 So.2d 495
(Ala. 1977); if the court doubts plaintiff's recovery, it should deny the motion, Trabits v. First National Bank ofMobile, 295 Ala. 85, 323 So.2d 353 (1975).
From the allegations contained in appellants' complaint, it is evident that, despite some surplusage, appellants have stated a claim under the theories of implied warranty and fraud. Alabama has abolished the doctrine of caveat emptor in the commercial sale of a new house by its builder-vendor, and now recognizes instead an implied warranty of fitness and habitability. Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313
(1971); See also, Capra v. Smith, 372 So.2d 321 (Ala. 1979), 13 ABR 1601. The Cochran case did not define in great detail elements of this implied warranty, but implicit in Cochran is the principle that Alabama would generally follow the caveat venditor doctrine as developed in other jurisdictions. When confronted with a similar situation, the Indiana Supreme Court opined that a claim under implied warranty would involve at least the following: (1) The plaintiffs purchased a new residence from the defendants; (2) The defendants had constructed the residence; (3) The residence had not been inhabited by any other person or persons prior to the purchase of the residence; (4) The residence was constructed by the defendants for purposes of sale and was sold in a defective condition, which defective condition impaired the intended use of the residence, namely, inhabitation; (5) Plaintiffs were not aware of the defective condition and were not possessed of any knowledge or notice by which they could have reasonably discovered it; (6) By reason of the defective condition, the plaintiffs suffered damages in the form of a decrease in the fair market value of the residence. Theis v. Heuer, 264 Ind. 1,280 N.E.2d 300, 303 (1972).
We adopt the above-stated guidelines in situations involving the sale of a new house by a builder-vendor. In applying this statement of the elements of an implied warranty claim here, appellants have sufficiently alleged such a claim, and the complaint is not defective in this sense. Appellees' argument that the allegations make them, in effect, "insurers" of appellants' house against unforeseen, future problems goes to the merits of the claim, and not to whether a claim is stated.
Appellees' contention that the complaint does not state a claim in fraud is similarly without merit. Presumably, appellants base their fraud claims on the statutory provisions of §§ 6-5-100 to 6-5-104, Code 1975. In Ball v. Vogtner,362 So.2d 894, 896 (Ala. 1978), this Court held that there must be some misrepresentation of a material fact to a party who relies upon it to his detriment, or there must have been the suppression of a material fact which a party was under an obligation to communicate.
In an analogous case, this Court held as sufficient averments that defendants had represented to plaintiffs that the house had been constructed in a "good and workmanlike manner," was in "perfect condition," and in compliance with various standards; this Court stated that these allegations stated sufficient "facts out of which the fraud arose." Loch Ridge ConstructionCompany v. Barra, 291 Ala. 312, 319, 280 So.2d 745, 750 (1973). In the instant case, appellants have alleged that appellees represented that the house was constructed in a good and *Page 304 
workmanlike manner, was of excellent quality, and the like, and failed to indicate the possibility of the occurrence of the ground water condition, which appellants allege appellants knew or should have known. This is sufficient to state a claim in fraud, and is generally similar to the requisite form. Compare: 24 Am.Jur.Pl. Pr.Forms (Revised Ed.), Vendor and Purchaser Form 45. Appellees further seem to argue that while appellants allege that the house is unfit for human habitation, they have not alleged that they have been forced into actually abandoning the premises; this argument also goes to the merits, as appellants have sufficiently alleged that the failure of the septic system rendered the house unfit for habitation.
Appellees contend that the fraud counts of appellants' complaint are barred by the one-year statute of limitations contained in § 6-2-39, Code of Alabama 1975; appellants, on the other hand, argue that the cause is proper under § 6-2-3, which provides that no claim accrues "until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action." As noted supra, a 12 (b)(6) motion is a proper vehicle by which to test a complaint for limitations bar where it appears on the face of the complaint that the action is barred. For appellants to successfully allege that the action in fraud falls under the exception to § 6-2-39, i.e. — the accrual provision, § 6-2-3
— the complaint must "show the time and circumstances of the discovery of the alleged fraud," Papastefan v. B. L.Construction Co., Inc., of Mobile, 356 So.2d 158, 160 (Ala. 1978).
Appellants' complaint fails this test, in not sufficiently alleging that appellants discovered the fraud within one year of the filing of the action; indeed the only date contained in the complaint is May 25, 1972, the date of purchase of the house, which is, of course, almost six years before the filing of the complaint. Thus, appellants' complaint was open to a 12 (b)(6) motion as to the fraud counts on the limitations point; however, as noted in Blackmon v. Chrysler Motors Corp.,Inc., 294 Ala. 426, 429, 318 So.2d 286, 289 (1975), such a defective complaint "should not be dismissed without the plaintiff's being given a chance to amend so as to claim an exception." Much of appellees' argument in this regard is drawn from the affidavits in the record, and ordinarily, on a 12 (b)(6) motion, the argument would not be proper unless the trial court's order showed that the affidavits were considered in granting the 12 (b)(6) motion. Here, we will consider these affidavits under the principle that justice will be served by a resolution of this question on this appeal, since the record contains the affidavits and the parties have briefed the issue from this standpoint. Rule 1, ARAP. We have considered the affidavits and find, nevertheless, that the trial court erred.
It is settled that the question of whether a party discovered or should have discovered the fraud earlier, thus tolling the statute of limitations, is one properly left to the jury.Papastefan, supra; Mitchell Homes v. Tew, 294 Ala. 515,319 So.2d 258 (1975).
Appellees further argue that plaintiffs' complaint was due to be dismissed on the ground it was barred by laches. This issue was not briefed extensively. Presumably, appellees claim that appellants waited too long to bring this action because the defect allegedly manifested itself many years after they purchased the house. As we understand this argument, it would, in effect, seek to limit the time span of builder-vendor liability under implied warranty. Appellants argue that the standard to be used in determining how long the implied warranty runs is one of reasonableness. This is, in absence of express statutory limitation, the standard adopted by many jurisdictions. See, e.g. — Smith v. Old Warson DevelopmentCo., 479 S.W.2d 795 (Mo. 1972); Waggoner v. MidwesternDevelopment, Inc., 83 S.D. 57, 154 N.W.2d 803 (1967); Tavaresv. Horstman, 542 P.2d 1275 (Wyo. 1975); Padula v. J.J. Deb-CinHomes, Inc., 111 R.I. 29, 298 A.2d 529 (1973); Barnes v. MacBrown and Company, Inc., *Page 305 264 Ind. 227, 342 N.E.2d 619 (1976). This standard would allow extension of builder-vendor liability to varying lengths of time, dependent upon the nature of the defect, and whether the implied warranty could be reasonably expected to apply. Alabama has yet to have any case law specifying how long this warranty is to remain in effect after the sale of a new house. The better view is that, in the absence of a statute, the limit of liability is governed by reasonableness. Thus, whether the defect was discovered within a "reasonable" period would be a jury question. In no event, however, would the time limitation within which to file suit for implied warranty extend beyond the period allowed for filing suit on an express warranty (six years). § 6-2-34, Code 1975.
For laches to run, the appellants must have failed to do something which equity would have required them to do. Hinesleyv. Davidson, 335 So.2d 380 (Ala. 1976). The doctrine does not apply in the absence of knowledge or sufficient information to put the party on notice. Duncan v. Johnson, 338 So.2d 1243
(Ala. 1976). Additionally, mere delay, in the absence of culpability as shown by special facts, is not sufficient to invoke laches when the action is not barred by the statute of limitations. Lipscomb v. Tucker, 294 Ala. 246, 314 So.2d 840
(1975).
In the instant case there is the initial question as to whether the complaint is barred by the statute of limitations; in other words, when did appellants discover the defect, and, hence, the fraud? Until this finding is made, laches would not be apparent from the face of the complaint.
For the reasons stated, the judgment of the court dismissing the complaint as to the counts in implied warranty is reversed and the cause is remanded to allow the appellants to amend their pleadings if they can to show the date they claim they discovered the defect and the fraud, and for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] Appellants, as discussed, infra, did not allege the date of the malfunction, but this is gleaned from the record; in addition, there is some dispute as to earlier incidents involving "odors" being detected in 1972, prior to appellants' purchase.