BRYAN, Judge.
The plaintiffs — Stanley E. Wilson; Debra J. Wilson; and Kyle Wilson, by and through his father and mother and next friends, Stanley E. Wilson and Debra J. Wilson — appeal a summary judgment entered in favor of the defendants — the Colbert County Board of Education (“the Board”), Bonnie Starkey, David Jones, and Jenetta Waddell. We affirm in part, reverse in part, and remand.
Starkey is a special-education aide employed by the Board. Kyle, a special-needs student, attended Leighton Elemen *1124 tary School, where Starkey worked. On March 18, 2004, Kyle and his parents sued the Board and Starkey, alleging negligence and claims under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.[1] In their complaint, the plaintiffs alleged that at school on March 20, 2002, Starkey dropped Kyle and fell on him while she was transferring Kyle from a changing table to his wheelchair. The plaintiffs alleged that Kyle sustained a broken right leg because of the incident.
On May 24, 2004, the Board and Starkey filed a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss, alleging that all the claims against them should be dismissed on the ground of governmental immunity. The plaintiffs subsequently filed a response to the motion to dismiss.
On October 28, 2004, the plaintiffs amended their complaint to add as defendants David Jones, the principal of Leigh-ton Elementary School, and Jenetta Wad-dell, the special-education director for the Colbert County school system. In their amended complaint, the plaintiffs alleged that Jones and Waddell had negligently supervised and trained Starkey. The amended complaint also purported to allege fraud and bad-faith claims against Jones and Waddell.
On October 29, 2004, the Board and Starkey again filed a Rule 12(b)(6) motion to dismiss, alleging that all the claims against them should be dismissed on the ground of governmental immunity. The motion to dismiss was supported by Starkey’s affidavit. On December 8, 2004, defendants Jones and Waddell also filed a Rule 12(b)(6) motion to dismiss, alleging that all the claims against them should be dismissed on the ground of governmental immunity. On February 8, 2005, the defendants filed a second affidavit by Starkey in support of all the defendants’ motions to dismiss. Starkey’s second affidavit included the text of Starkey’s original affidavit, as well as some additional text.
The trial court held a hearing on February 23, 2005. On that same date, the trial court granted the defendants’ motions and entered a judgment in favor of the defendants. The plaintiffs timely appealed to the supreme court, and, pursuant to § 12-2-7(6), Ala.Code 1975, the supreme court transferred the appeal to this court.
Although the defendants titled their motions as motions to dismiss, they submitted Starkey’s affidavits in support of their motions. Rule 12(b), Ala. R. Civ. P., states, in pertinent part: “If, on a motion asserting the defense numbered (6) to dismiss for failure ... to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment .... ” In Hornsby v. Sessions, 703 So.2d 932, 937-38 (Ala.1997), the supreme court stated:
“When matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment, Rule 12(b), Ala. R. Civ. P.; this is the case regardless of what the motion has been called or how it was treated by the trial court, Papastefan v. B&L Constr. Co., 356 So.2d 158 (Ala.1978); Thome v. Odom, 349 So.2d 1126 (Ala.1977).”
Because the trial court was presented with, and did not exclude, matters outside the pleadings, the defendants’ motions to dismiss were converted into motions for a summary judgment. Rule 12(b), Ala. R. *1125 Civ. P.; and Hornsby v. Sessions, supra. Therefore, in reviewing the trial court’s judgment, we apply the standard of review applicable to summary judgments.
“In reviewing the disposition of a motion for summary judgment, ‘we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’ Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’ Wright v. Wright, 654 So.2d 542 (AIa.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (AIa.1990).”
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).
On appeal, the plaintiffs argue (1) that the trial court erred by dismissing the negligence claim against Starkey because, the plaintiffs say, Starkey is not entitled to State-agent immunity; and (2) that the trial court erred by dismissing the claim against the Board under § 504 of the Rehabilitation Act because, the plaintiffs say, the Board is not entitled to immunity under that act.[2] However, the plaintiffs did not present their second argument to the trial court. “This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). See also Blackmon v. Brazil, 895 So.2d 900, 907 (Ala.2004) (“This Court cannot, on the basis of an argument made for the first time on appeal, hold that the trial court erred in entering ... summary judgment.”). Because the plaintiffs have not challenged the summary judgment with respect to their claim against the Board under § 504 of the Rehabilitation Act on any other grounds, we must affirm the summary judgment with respect to that claim.
Accordingly, we will consider only the plaintiffs’ first argument, which relates only to the claim against Starkey. In Ex parte Cranman, 792 So.2d 392 (Ala.2000), our supreme court restated the rule governing State-agent immunity:
“A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s
“(1) formulating plans, policies, or designs; or
“(2) exercising his or her judgment in the administration of a department or *1126 agency of government, including, but not limited to, examples such as:
“(a) making administrative adjudications;
“(b) allocating resources;
“(c) negotiating contracts;
“(d) hiring, firing, transferring, assigning, or supervising personnel; or
“(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or
“(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers’ arresting or attempting to arrest persons; or
“(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.
“Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
“(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
“(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.”
792 So.2d at 405 (emphasis on “shall” and “shall not” in original; other emphasis added). Although Cranman was a plurality decision, the test for determining State-agent immunity as restated in Cranman was adopted by our supreme court in Ex parte Butts, 775 So.2d 173 (Ala.2000).
Starkey argues that she is entitled to State-agent immunity under Cranman regarding the negligence claim because, she says, she was “exercising judgment” as a special-education, aide in transferring Kyle when the incident giving rise to this action occurred. The only evidence supporting Starkey’s motion for a summary judgment were her affidavits. In her affidavits, Starkey stated, among other things, that the incident with Kyle was “an accident” and that she had fallen while transferring Kyle but had not dropped him. Starkey also stated that, when the incident occurred, she was following the same procedure that she had been trained to follow and had always followed in transferring Kyle; that she was being prudent, careful, and attentive; and' that she was acting within the line and scope of her employment. The affidavits do not establish the nonexistence of a genuine issue of material fact regarding whether Starkey, in transporting Kyle at the time of the incident, was “exercising judgment in the discharge of duties imposed by statute, rule, or regulation in ... educating students.” 792 So.2d at 405. Therefore, we must reverse the summary judgment with respect to the negligence claim alleged against Starkey, but we express no opinion regarding the merits of the plaintiffs’ underlying claim.[3]
*1127 In his special writing, Judge Thompson seems to suggest that because Starkey’s affidavits asserted “that she was acting within the line and scope of her employment” and “according to her training,” Starkey was “exercising judgment in ... educating students” under the Cranman standard. That special writing then proceeds to analyze whether Starkey acted “willfully, maliciously, fraudulently, in bad faith, [or] beyond ... her authority” in transporting Kyle, and concludes that she did not. The special writing therefore concludes that Starkey should be entitled to State-agent immunity.
In Cranman, our supreme court stated:
“A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s
[[Image here]]
“(5) exercising judgment in ... educating students.
“Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
[[Image here]]
“(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.”
Cranman, 792 So.2d at 405 (emphasis on “shall” and “shall not” in original;., other emphasis added). Therefore, an analysis regarding whether Starkey acted “willfully, maliciously, fraudulently, in bad faith, [or] beyond ... her authority” would be applicable only if Starkey had shown, as an initial matter, that she was “exercising judgment in ... educating students.” Starkey simply did. not establish, in the affidavits accompanying her motion for a summary judgment, that she was exercising judgment under the Cranman standard. Starkey’s asserting in her affidavits that she was acting “within the line and scope of her employment” and “according to her training” do not establish that she was exercising judgment under Cranman and its progeny; if anything, the affidavits tend to establish the opposite. Therefore, an analysis regarding whether Starkey established that she was not acting “willfully, máliciously, fraudulently, in bad faith, [or] beyond ... her authority” is unnecessary because Starkey failed to establish, as an initial matter, that she was “exercising judgment in ... educating students” under Cranman. Because Starkey failed to establish the nonexistence of a genuine issue of material fact, the burden of presenting substantial evidence creating such an issue never shifted to the plaintiffs. Hobson, 690 So.2d at 344.
Judge Thompson’s special writing, citing Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala.2003), states that “[t]he immuni *1128 ty afforded a State agent who exercises his or her judgment in the education of students ... is not abrogated based on negligent and wanton conduct; instead, immunity is withheld only upon a showing by the injured plaintiff that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority.” Although the “[t]he immunity afforded a State agent who exercises his or her judgment in the education of students ” can be withheld “upon a showing by the injured plaintiff that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority,” to the extent that the above-quoted statement from Judge Thompson’s special writing could be misread to imply that a State agent who has not demonstrated that he or she exercises judgment in the education of students is entitled to immunity absent a showing that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority, we disagree; Giambrone does not stand for such a proposition.
We reverse the summary judgment with respect to the plaintiffs’ negligence claim against Starkey. In all other respects, we affirm the summary judgment. We remand the case to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PAlRT; REVERSED IN PART; AND REMANDED.
PITTMAN, J., concurs in the result, without writing.
MURDOCK, J., concurs in part and concurs in the result in part, with writing, which CRAWLEY, P.J., joins.
THOMPSON, J., concurs in part and dissents in part, with writing.

. The complaint does not explicitly state whether Starkey was sued in her official or individual capacity. Considering the substance of the whole complaint, it appears that Starkey was sued in both her official and individual capacities.

. Because the plaintiffs do not challenge the summary judgment with respect to their negligence claims against the Board, Jones, and Waddell, or with respect to their fraud and bad-faith claims against Jones and Waddell, they have abandoned those claims. Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317 (Ala.2003).

. Although Starkey’s affidavits do not establish the nonexistence of a genuine issue of material fact regarding whether Starkey was "exercising judgment in ... educating students,” we note that she is not precluded from introducing evidence on remand tending to show that she was "exercising judgment in ... educating students.” 792 So.2d at 405. See also Giambrone v. Douglas, 874 So.2d 1046 (Ala.2003) (wherein the supreme court, based upon evidence submitted on a motion for a summary judgment, stated that it could *1127 not determine at that stage of the proceedings that the summary-judgment movant was entitled to State-agent immunity). We further note, however, that in the absence of such additional evidence, Starkey would not be afforded State-agent immunity under Cranman. In Cranman, our supreme court stated that “[w]e decline to label all discretionary acts by 'an agent of the State, or all acts by such an agent involving skill or judgment, as 'immune' simply because the State has empowered the agent to act. Such an expansive view of the power of the State to act with immunity for its agents would be inconsistent with the rights secured by [Art. I,] § 13[, Ala. Const, of 1901].” 792 So.2d at 405. See also Horton v. Briley, 792 So.2d 432 (Ala.Civ.App. 2001) (stating that a bus driver was not extended immunity under Cranman because, although bus drivers use their own judgment in performing duties, that judgment is not related to the formulation or application of governmental policy).